**Ex parte Bobby Joe STROOPE.**

**No. 18667.**

Court of Civil Appeals of Texas, Dallas.

May 15, 1975.

Cleatus M. Phelan, McKinney, for appellant.

Robert L. Scott, Morgan & Crouch, Greenville, for appellee.

GUITTARD, Justice.

Relator Bobby Joe Stroope has applied to us for a writ of habeas corpus, alleging that he has been illegally restrained of his liberty by the Sheriff of Hunt County under a void order of the District Court of that county holding relator in contempt for failure to make child support payments. We granted bail pending a hearing in this court, and after the hearing we granted the writ and ordered relator released from custody. We now state the reasons for our decision.

We hold that relator is not in contempt of the order of the District Court of Hunt County because he acted in accordance with a later order of the Juvenile Court of Dallas County in a proceeding instituted by respondent Connie Jean Hopkins, his former wife.

The earlier order, which relator is alleged to have violated, is contained in a divorce decree of the District Court of Hunt County dated July 20, 1971, which requires relator to pay to the clerk of that court three hundred dollars per month for the support of his four children. On October 8, 1973, respondent filed in the District Court of Hunt County a petition to enforce the support order, under the Uniform Reciprocal Enforcement of Support Act, Tex.Laws 1965, ch. 679, at 1561, as amended, Tex. Laws 1969, ch. 553, § 1, at 1698, formerly known as Tex.Rev.Civ.Stat.Ann. art. 2328b–4.[1] The petition alleges that relator was then a resident of Dallas County. In accordance with § 31 of former article 2328b–4, the papers were transmitted to the Juvenile Court of Dallas County, and the district attorney of Dallas County undertook the prosecution of the action. On December 21, 1973, the Juvenile Court signed an "agreed judgment," which was also signed by an assistant district attorney and by relator and his counsel. The material provisions of this order are as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said Defendant pay into the registry of the Court the sum of $150.00 per month, $15.00 of which shall apply on arrearage of $1,800.00 until paid in full, Case to be reviewed on January 2, 1975, payments to begin on the 1st day of December, 1973, and to be made until further orders of this Court, said sum to be paid by cashier's check or money order and mailed to the Dallas County Child Support Division, P.O. Box 5530, Dallas, Texas 75202, to be made payable to CONNIE JEAN HOPKINS, to be forwarded for the use and benefit of the dependent(s) listed in the petition to whom Defendant owes a duty of support.

Relator alleges under oath that he has fully complied with this order, and respondent does not dispute this allegation.

The present contempt action arises from a motion filed by respondent in the District Court of Hunt County on February 12, 1975. The motion alleged relator's failure to make the payments as ordered by the divorce decree of July 1971. After a hearing on April 11, 1975, the court found that the order of July 1971 was still in full force and effect, that relator, although able to comply with that order, had failed to do so and was in arrears in the amount of $5,100. The court further found that by reason of this "wilful disobedience" relator was in contempt of the court. Accordingly, the court fixed his punishment at confinement for thirty days and thereafter until relator should purge himself by paying the sum of $5,100.

Relator contends that this order is void because the child-support order in the original decree was modified by the order of the Juvenile Court of Dallas County in December 1973 and that relator is not in contempt because he has fully complied with the latter order. Respondent contends that if the

1. This Act, with some modifications, now appears as chapter 21 of Tex. Family Code Ann. (V.T.C.A.1975).

order of the Juvenile Court of Dallas County is construed as reducing the amount of payments ordered by the original divorce decree, it is void and does not excuse relator from full compliance with the original decree.

 We need not decide whether the Juvenile Court of Dallas County had authority under former article 2328b–4 to reduce the amount of the child-support payments ordered in the original decree. We conclude that even if it had no such authority, and even if the child support order in the divorce decree remained fully effective, relator was not in contempt. The proceeding in Dallas County was not instituted by him. The order was signed by a judge and was approved by relator's attorney and by an assistant district attorney representing his former wife. As a layman, relator could not be expected to make his own personal determination of the validity of the order. When cited for contempt in the District Court of Hunt County, he was entitled to defend by showing his compliance with the order of the Juvenile Court. The orders of July 1971 and December 1973, when taken together, created at least an uncertainty concerning the amount of child support relator was required to pay. Consequently, the case is analogous to that of an order which, though originally clear, becomes uncertain with passage of time and change of circumstances. Such an order cannot support punishment for contempt because the person affected must be informed with certainty of what he is ordered to do or refrain from doing so that he will not be misled. *Ex parte* Slavin, 412 S.W.2d 43 (Tex.1967); *Ex parte* Thompson, 510 S.W.2d 165, 167 (Tex.Civ.App.—Dallas 1974, no writ).

We do not hold that wilfulness is an essential element of contempt, or that a contemner may escape punishment on the ground that he was mistaken in what was required of him. Neither do we hold that the District Court of Hunt County could not

have declared the Dallas County order void and required defendant to pay the difference. We do hold, however, that the Dallas County order created an uncertainty, and that after relator had acted in reliance on that order for more than a year, he could not be imprisoned for contempt without an adjudication of his liability and allowance of a reasonable time thereafter to pay the difference.

A judgment of contempt is void, and the court is without jurisdiction to order punishment, in the absence of some evidence of contemptuous disobedience. Deramus v. Thornton, 160 Tex. 494, 333 S.W.2d 824, 830 (1960). For the reasons stated, we hold that no contemptuous disobedience is shown.

Relator discharged.