**Ex parte Jenard Wesley JENKINS.**

No. 20300.

Court of Civil Appeals of Texas, Dallas.

Jan. 4, 1980.

Philip D. Phillips, Steven McGilberry, Irving, for appellant.

Jean White, Dallas County Child Support Division, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

STOREY, Justice.

Relator, Jenard Wesley Jenkins, brings this original action for a writ of habeas corpus contending that the commitment order, confining him to jail, is void. Relator contends that the court's commitment order is void because it fails to find the specific portions of the original divorce decree he was found to have violated. We agree with this contention and therefore grant relator's application.

The parties were divorced on May 1, 1979, and a divorce decree ordered relator to pay his former wife child support of $60 per week through the Dallas County Child Support Division. According to respondent's motion, relator failed to make payments between July 13, 1979, and August 24, 1979, and was therefore in arrears in amount of $300. After hearing, the court found relator in contempt and ordered him confined in jail. There was no separate contempt order entered by the court finding relator in contempt. The pertinent parts of the commitment order provide:

[T]he court . . . finds that the Defendant has failed to observe and obey the order, judgment and decree shown on

the record of this court referred to above, and that he is and should be adjudged to be in contempt of this court for such failure and disobedience.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED by this court that Jenard Wesley Jenkins be and he is adjudged to be in contempt of this court for such failure and disobedience, and the punishment therefor is fixed and assessed at a fine of $750.00 and confinement by the Sheriff of Dallas County, Texas, in the Common jail of Dallas County, Texas, for a period of 1 month, and thereafter further confined in said jail until he had fully purged himself of such contempt by the full observance and obedience of the decree of this court referred to above by the payment of the sum of $540.00 for the support of his children, plus $36.00 court costs.

The question presented is whether this language clearly states in which respect relator violated the May 1979 divorce decree.

Relator argues that this case is controlled by *Ex parte Proctor*, 398 S.W.2d 917 (Tex. 1966), which held that an order should state in which respect the court's previous order has been violated and that the party is committed to jail until the court's order is complied with to the extent required by the court. *Id.* at 918. On the other hand, respondent argues on the authority of *Ex parte Savelle*, 398 S.W.2d 918 (Tex.1966), that the order is valid. *Savelle* is distinguished because in that case the commitment order specifically stated that relator was in defiance of the terms of the divorce decree by reason of his failure to make child support payments and ordered him to "pay the sum of $300.00 as child support payments due in May and June, 1965, . . ." This order was held to be sufficient to show relator had violated those specific provisions in the decree requiring him to pay child support. The order in *Proctor*, however, failed to cite any provision in the decree which relator had violated, and the supreme court held that merely ordering relator to "pay the sum of $550.00 as child support payments" was insufficient to constitute a finding that relator's arrearages amounted

to $550. 398 S.W.2d at 918. The order before us is substantially the same as that in *Proctor*. We hold it to be insufficient in that it fails to find in which respect the previous order was violated or that the arrearages amounted to $540.

In view of this holding, we do not address the question of excessiveness of the fine imposed. Accordingly, the writ is granted and relator is ordered released.