**Ex parte Lewis ROY, Jr.**

**No. 20369.**

Court of Civil Appeals of Texas, Dallas.

Feb. 14, 1980.

Noel Portnoy, Dallas, for appellant.

Robert G. Boydston, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

GUITTARD, Chief Justice.

Relator was found in contempt for disobedience of a temporary support order pending divorce proceedings and was committed to jail. In this application for a writ of habeas corpus, he attacks the commitment order on the ground that it recites no finding of the manner in which he violated the support order and improperly requires him to pay an attorney's fee as a condition of his release. We grant the writ on the ground that the order is void because of the absence of a finding of the particular violation. We also hold that the order is not sufficient to require payment of an attorney's fee.

The commitment order is a printed form with deletions and blanks filled as follows:

On this the 12th day of ___October A.D.1979 came on regularly to be heard, the sworn motion of Plaintiff-Defendant to adjudge the said Plaintiff-Defendant to be in contempt of this Court for failure to observe and obey the order, judgment and decree of this court of record in Minute Book 13 at page 382 of the minutes of this court; and came the Plaintiff-Defendant in person and by attorney, and came Plaintiff-Defendant in person and by attorney and all matters of law and fact having been submitted to the court, and the court having heard the evidence, the pleadings and the argument of counsel is of the opinion, and so finds that the Plaintiff-Defendant has failed to observe and obey the order, judgment and decree shown on the records of this court referred to above, and that ___he is and should be adjudged to be in contempt of this court for such failure and disobedience;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED by this court that ___Lewis Roy, Jr.___ be, and ___he is adjudged to be in contempt of this court for such failure and disobedience, and the punishment therefor is fixed and assessed at a fine of $0 and confinement by the Sheriff of Dallas County, Texas, in the Common jail of Dallas County, Texas, for a period of 72 hours, and thereafter further confined in said jail until ___he has fully purged himself of such contempt by the full observance and obedience of the decree of this court referred to above by the payment of the sum of $2,380.00 for the support of his children.

IT IS FURTHER ORDERED that all commitments, writs, attachments and other process necessary for the enforcement of this order be issued. Enforcement of this order suspended for ___ days.

Attorney's Fees $400.00

Court ☒ Costs

Costs taxed against Plaintiff-Defendant.
Signed October 12, 1979.

_____ JUDGE

This order does not state the amount relator has failed to pay, although it recites in general terms that relator "has failed to observe and obey the order . . . shown on the records of this court referred to above" and that he "is adjudged to be in contempt of this court for such failure and disobedience." It orders him confined until he has purged himself of contempt "by the payment of the sum of $2,380.00 for the support of his children," but this provision cannot be construed as a finding that his arrearage amounted to this sum. Consequently, the commitment order is void under the holding of the supreme court in *Ex parte Proctor*, 398 S.W.2d 917, 918 (Tex. 1966). We recently had occasion to apply the *Proctor* rule to an order using a printed form identical to that in this case. *Ex parte Jenkins*, 593 S.W.2d 395 (Tex.Civ.App.—Dallas, No. 20300, January 4, 1980, no writ).

The present order presents another difficulty in that the temporary support order requires relator to pay $650 to respondent directly as "temporary support during the pendency of this suit due on or before July 1, 1971," and further orders him to pay $100 per week as child support beginning July 15, 1979, through the Dallas County Child Support Office. Since the $650 payment is

not designated as child support, it is presumably temporary alimony authorized by section 3.59 of the Family Code. Yet, the commitment order directs that relator be confined until he pays "$2,380 for the support of his children." In this respect the commitment order does not conform to the charge alleged in the motion for contempt.

 Relator also contends that the commitment order is void because it requires him to pay an attorney's fee in addition to the payments required by the temporary support order. This contention is not well taken in view of the holding of the supreme court in *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 189 (1953), that an attorney's fee and other costs allowed as incidental to and part of the payments necessary for support of the children may be enforced by contempt. In view of *Helms*, we do not regard *In re Neidert*, 583 S.W.2d 461 (Tex. Civ.App.—Amarillo 1979, no writ) as applicable to a child-support case.

Relator further points out, however, that the commitment order does not by its terms order him to pay the attorney's fee or any particular amount as costs. The order as set out above contains the notation:

Attorney's Fees $400.00
Court Costs.

This order is insufficient to require relator's confinement until he pays the attorney's fee. The quoted notation in the order, however, does not, in itself, render the order otherwise void.

Relator further points out that the writ of attachment under which he was confined, which was issued by the clerk, directs the sheriff to confine relator "until he has paid the amount of $2,380.00 in back child support plus attorney fees of $400.00." He argues that this writ shows that the notation concerning the attorney's fee in the order was intended to require the payment as a condition of his release. He cites no authority, however, to support the view that invalidity of a commitment may be established by an error in the writ of attachment. We hold that this error in the writ does not affect the validity of the

order, which, as we construe it, does not require relator to pay the attorney's fees.

Finally, we observe that all the problems in this case seem to arise from the use of an inadequate printed form. We recognize this form as one that has been used in the courts of Dallas County for many years, but it is defective in failing to include a finding of a specific violation of the support order, and, if an attorney's fee is to be included, it contains no provision finding the amount of a reasonable attorney fee and ordering its payment. The form is also inappropriate to enforce any type of payment other than child support. Consequently, this form appears to be a frequent source of error.

Many lawyers, apparently recognizing these inadequacies, have followed the practice of drawing their own contempt orders containing specific findings, and such orders have frequently been signed by the judges in addition to commitment orders in this form. We do not suggest that two orders must be signed by the judge in order to commit a violator for contempt. One order is enough if it contains the necessary findings and conforms to the other requirements of law.

Writ of habeas corpus granted.