**Ex parte Norris WHITE, Relator.**

**No. 16813.**

Court of Civil Appeals of Texas, San Antonio.

April 10, 1981.

Fred R. Granberry, Michael D. Valicek, San Antonio, for appellant.

Dewey Bain, Texas Dept. of Human Resources, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

Relator was jailed pursuant to an order of the district court of Bexar County, Texas, adjudging him in contempt of court for failure to make the child support payments as ordered in a decree of divorce entered on July 23, 1971, requiring him to make semi-monthly payments, each in the sum of $80.00, for the support of the children born to the marriage.

The original support order was modified on April 27, 1976. The order of modification required that relator pay the sum of $80.00 monthly for the support of the children.

The judgment of contempt is based on relator's "violation of the said child support order as hereinabove set forth ...." The only reference to a child support order in the preceding portions of the contempt order recites that relator "was ordered to appear herein and show cause why he should not be adjudged in contempt of this Court for violation of an order of this Court heretofore made in this cause on July 23, 1971, in which order [relator] was required to make child support payments in the amount of $80.00 semi-monthly for a total of $160.00 per month, beginning on August 1, 1971 for the support of his child(ren) [sic] ...." The order then recites that the court, after hearing the evidence, "is of the opinion and finds that [relator] is guilty of contempt of this Court in that he has failed and refused to make such child support payments and is now in arrears in the making of such payments in the total sum of $6,512.00."

Since the order which relator was found to have violated, according to the contempt order, was subsequently modified by reducing the amount of the required payments to $80.00 per month, relator could not be held in contempt for violation of the original order. The existence of the two orders, even if it be assumed that the original order was still effective, created, at the very least, uncertainty concerning the amount of child support relator was required to pay. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967); *Ex parte Stroope*, 524 S.W.2d 378, 380 (Tex. Civ.App.—Dallas 1975, no writ).

The application for writ of habeas corpus is granted and relator is ordered discharged from custody.