**Ex Parte George H. SWEENEY.**

**No. 2–81–045–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 18, 1982.

Gray, Whitten & Loveless, P.C., and Curtis M. Loveless, Denton, for appellants.

M. J. (Ike) Vanden Eykel, Dallas, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

PER CURIAM.

Relator George H. Sweeney has applied to this court for a writ of habeas corpus. His contention is that he has been illegally restrained of his liberty by the Sheriff of Denton County pursuant to an order of the District Court of that county holding him in contempt of court for failing to make child support payments.

We grant the writ and order Sweeney released.

George H. Sweeney and Karen H. Sweeney were divorced in Harris County, Texas on September 28, 1973. Sweeney was ordered to pay to his former wife, as managing conservator, $300.00 per month for the support of four minor children born of the marriage. Sweeney's former wife, hereinafter referred to as complainant, instituted proceedings in which there was the order of contempt under test.

After the divorce in 1973, Sweeney moved to Arkansas while complainant and the children took up residence in Georgia.

Sweeney failed to make regular child support payments as ordered by the Harris County Domestic Relations Court. In June of 1976, complainant filed an action in Georgia based upon that state's version of the Uniform Reciprocal Enforcement of Support Act, Ga.Code Ann. sec. 99–9A et seq., hereinafter referred to as URESA. The suit filed in Georgia was not a "registration" action for arrearages then accrued under the Harris County judgment; rather, it was one in which she sought another award of child support in the amount of $300.00 per month. This cause was transferred from Houston County, Georgia to Pulaski County, Arkansas, where Sweeney resided. In other words complainant was seeking by decree of the Arkansas court an adjudication by it that Sweeney pay $300.00 per month.

All parties submitted to the jurisdiction of the Arkansas Chancery Court pursuant to Arkansas' URESA statute. (Ark.Stat. Ann. sec. 34–2401 et seq.) Sweeney appeared in person and by attorney. Complainant appeared only through an attorney for Arkansas Social Services as provided in the URESA statute. The Arkansas Chancery Court, following a hearing, ordered Sweeney to make child support payments in the amount of $200.00 per month beginning September 1, 1976. Although Arkansas law provides for appeals from erroneous judgments under their URESA statute (sec. 34–2434) complainant chose instead to approve of the order, as did Sweeney.

Sweeney failed to make payments under the Arkansas order for a period of ten months. In 1977 complainant went back into the Arkansas court and sought a determination of amount of arrearages on that court's former order from September 1, 1976, through June 30, 1977. The Arkansas court found Sweeney to be $2000.00 in arrears "for child support payments due plaintiff *through June 30, 1977*". (It should be noted the judgment originally rendered in Harris County was neither plead nor made a part of the record in either of the Arkansas proceedings. Perhaps it was because of this the Arkansas court did not adjudicate any arrearages which might have accrued under the Texas support prior to September 1, 1976.)

(The record of Sweeney's subsequent contempt hearing in Denton County reflects that the $2000.00 arrearage stated in the Arkansas order was eventually paid by him and that the Texas trial judge recognized that he was entitled to credit for it.)

Although the exact date is not clear from the record, it appears that Sweeney moved back to Texas and to Denton County in 1978. On October 9, 1980, Mrs. Sweeney moved the Harris County Domestic Relations Court to transfer the original divorce proceedings to Denton County. The cause was so transferred on October 30, 1980.

January 2, 1981, complainant, now represented by private counsel from Dallas, filed a Motion for Contempt in the District Court of Denton County asking that Sweeney be held in contempt for disobedience of the Harris County judgment—now transferred to Denton County. She alleged under oath that her ex-husband was some $18,200.00 in arrears under the 1973 Harris County support order.

Though cited, Sweeney failed to appear at a scheduled hearing. In absentia he was held in contempt of court on April 7, 1981. On this, however, Sweeney was granted a new trial, with vacation of the contempt order of April 7, 1981.

Subsequently, on September 10, 1981, complainant moved by a new motion to hold Sweeney in contempt for the same arrearages. This time, however, the amount averred was only $12,178.00. Premise for complaint of contempt was (a) arrears in child support payments under original divorce decree "not exceeding $12,178.00", (b) failure to maintain hospitalization insurance premiums on the parties' children as ordered by the original decree. The trial court heard both parties' evidence and held Sweeney in contempt. The material provisions of the court's order recited:

"... George H. Sweeney stands charged ... with contempt of court in failing and refusing to comply with the terms of the decree entered by the 311th Judicial District Court of Harris County, Texas, on or about the 28th day of September, *1981*, in Cause no. 949,469, styled *George H. Sweeney v. Karen H. Sweeney*, wherein said George H. Sweeney was ordered to pay the sum of $300.00 per month to Karen H. Sweeney for the support and maintenance of his minor children under the age of 18 years...

"[t]he Court is of the opinion, and so finds that the said George H. Sweeney is guilty of contempt...

"It is accordingly so ordered ... that said George H. Sweeney be and is hereby held guilty of contempt of court by reason of his failure and refusal to make the payments of child support in defiance of the terms of the decree hereinabove referred to, and his punishment for such contempt is here fixed by assessing against him in a fine of $–0– and committing him to the County Jail of Denton County, Texas, until he purges himself of contempt as set forth herein...

"It is further ordered that said George H. Sweeney pay all costs of this proceeding, including attorney's fees to Mr. M. J. Vanden Eykel in the amount of $1,250.00, which are taxed as costs, for which let execution issue...

"It is further ordered that the said George H. Sweeney may purge himself ... *by paying the sum of $10,678.00, as child support payments* to Karen H. Sweeney and also by paying all costs incurred herein, and upon such payments said George H. Sweeney shall be released from custody." (Emphasis supplied to language of last and to the date –1981– to be observed in the first paragraph.)

Pursuant to this order, Sweeney was confined in Denton County, and he was thereafter ordered to be released on bond pending hearing and decision on his application for writ of habeas corpus.

In his application and brief in support thereof, Sweeney has attacked the validity of the trial court's order on the ground that it recites no finding of the manner in which he violated a prior support order. We agree.

In *Ex parte Proctor*, 398 S.W.2d 917 (Tex. 1966), the court set out a "printed-form" judgment which ordered Proctor to "pay $550 as child support payments" to his ex-wife. This wording was held to fail to constitute a finding that Proctor was delinquent in that amount. (*Id.* at 918.) The Supreme Court based its holding upon the case of *Ex parte Savelle*, 392 S.W.2d 113 (Tex.1965), where substantially similar language was used in a contempt order.

Mr. Savelle came before the Supreme Court of Texas a year later in another habeas corpus attack upon the validity of a subsequent contempt order. In the second order, however, the trial court had ordered Savelle to "pay the sum of $300.00" as child support payments *due in May and June, 1965.* This time, the Supreme Court held the language sufficient to constitute a finding of a deficiency. Habeas corpus was denied, and Savelle was remanded to the custody of the sheriff. *Ex parte Savelle*, 398 S.W.2d 918, 920 (Tex.1966).

In *Ex parte Jenkins*, 593 S.W.2d 395 (Tex. Civ.App.—Dallas 1980, original proceeding) and *Ex parte Roy*, 595 S.W.2d 875 (Tex.Civ. App. Dallas 1980, original proceeding), the court reviewed orders similar to that in *Proctor* and held that to merely order a contemnor to purge himself by paying a certain sum as child support payments, without including a specific finding of the manner in which he/she has violated a prior support order, is insufficient to support a contempt decree. We hold the order under test in this case to be void for the same reason.

A contemnor would more fairly be placed on notice of the trial court's legal justification for holding him in contempt when the manner of his failure to abide a prior court order is specifically found. *Ex parte Slavin*, 412 S.W.2d 43, 45 (Tex.1967). The issues in a contempt proceeding for failure to pay child support are usually clear and few

in number. The findings on those issues should be obvious from the face of the contempt order in instances where there is provision that contemnor might purge himself and be released, because in such instances he is given a choice between immediate payment or a potentially infinite residence in the county jail. Immediate notice of those actions considered by the trial court to constitute contemptuous behavior is the paramount purpose of a contempt order. *Ex parte Stroope*, 524 S.W.2d 378, 380 (Tex.Civ.App.—Dallas 1975, original proceeding).

Additionally, we address the issue of whether the trial court had legal justification to hold Sweeney in contempt of court for $10,678.00 in arrears and further, how this relates to our prior discussion of the necessity of providing specific findings in a contempt order.

In his application to this court, Sweeney contends that the Arkansas support order of 1976, which reduced the amount of support to $200.00, is *res judicata* of the amount of support Sweeney is obligated to pay. He asserts that the end result of complainant's actions in Arkansas and the Arkansas court's order arising therefrom was the modification of an order by a court of this state. We agree there is a question of whether Sweeney's contention is erroneous. *See generally* Fox, *The Uniform Reciprocal Enforcement of Support Act*, XII, Family Law Quarterly 114 (1978).

In any event we deem it unnecessary to resolve such question in this habeas corpus proceeding.

■ We deem to be before us, as the material issue in Sweeney's habeas corpus proceeding, whether he could be held guilty of contemptuous behavior when he had complied with provisions of the Arkansas decree ordering him—from and after September 1, 1976—to pay $100.00 less per month than that amount ordered to be paid by the original Harris County support order. (We here limit discussion to the circumstances beginning September 1, 1976 and continuing thereafter and we disregard the fact that there might be an unpaid

amount of arrearage owing under the earlier Harris County order.)

The URESA statute was written and passed by all fifty states in order to provide enforcement to child support recipients who had previously encountered obstacles of inconsistent state laws. Being, in essence, an "obligee" statute, the URESA action in Arkansas was instituted by complainant and not by Sweeney. Nevertheless, Sweeney was cited to appear in the Arkansas Chancery Court and did personally appear as ordered. There complainant requested $300.00 per month, received $200.00, and assented to the order so providing without appeal. Sweeney has substantially complied as ordered by the Arkansas court. Complainant proceeded thereafter, in the Denton County court to have Sweeney held in contempt of the earlier Harris County decree relating to Sweeney's obligations to pay child support, and included as alleged arrearages the unpaid difference of $100.00 per month after the date of the Arkansas decree as payment which should have been paid by him lest he be justifiably found in contempt.

Should Sweeney be required to make a legal determination of the validity of the order by the Arkansas court? We think not. We believe test of culpability should be made of Sweeney in his capacity as a layman. When he came before the Denton County court to show cause why he should not be held in contempt Sweeney was entitled to defend, as he did, the allegations of contemptuous behavior by proof of his good faith action under the Arkansas decree. *Ex parte Stroope*, 524 S.W.2d 378, 380 (Tex.Civ. App.—Dallas 1975). *See also* 17 C.J.S., "Contempt", sec. 8. ("Acts or conduct constituting contempt.") Without any consideration upon the question of whether it was complainant's burden to show absence of Sweeney's good faith or Sweeney's burden to prove his good faith we hold, by the evidence, that Sweeney acted in good faith; that in disobedience of the Harris County judgment of 1973, at least after entry of the Arkansas Court order that he begin paying $200.00 per month beginning Sep-

tember 1, 1976, he was not contemptuously disobedient of the decree of the Harris County Court.

Of course, as held in *Stroope*, there could be a trial on the issue of Sweeney's liability, and, with liability for a specific amount determined, plus a reasonable time for payment he might under proper circumstances be held in contempt in the event of his non-compliance of the order newly entered.

There is distinction to be made between the remedy of contempt and that remedy which might be secured by a suit for debt. The question we have been called upon to decide in this case relates to the former. On this our holding is not intended to foreclose further proceedings and another adjudication on the same charged.

Relator is ordered discharged.