**Ex parte Louis SMITH, Relator.**

No. 05–85–00269–CV.

Court of Appeals of Texas, Dallas.

May 8, 1985.

E.A. Cade, Dallas, for appellant.

John C. Turner, Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

DEVANY, Justice.

Relator, Louis Smith, has applied to us for a writ of habeas corpus alleging that he has been illegally restrained of his liberty by the sheriff of Dallas County under a void order of the 302nd Judicial District Court of that county holding relator in contempt for failure to make child support payments. We granted bail pending a hearing in this court and, after the hearing, we granted the writ and ordered relator unconditionally released from custody. We now state the reasons for our decision.

We hold that relator is not in contempt of the August 29, 1983, order of the 302nd Judicial District Court because that order was superseded by a subsequent order dated December 26, 1984, modifying the August 29th order. Pursuant to the December 26, 1984, order, relator was appointed managing conservator of the minor child

and the ex-spouse of relator was appointed possessory conservator and ordered to make child support payments in the amount of $0.00.

The original order, which relator is alleged to have violated, is contained in a divorce decree of the 302nd Judicial District Court signed August 29, 1983, which required relator to pay $180.00 a month, in two installments of $90.00 each, as child support. On December 26, 1984, the Court entered an order modifying the August 29 order. The order states as follows:

"IT IS ORDERED, ADJUDGED AND DECREED that Janie Mae (Smith) Giles be removed as Managing Conservator, that Louis Smith be and is hereby appointed Managing Conservator of the Child, Cheryl Louise Smith, and that all prior orders for the support of such child are superseded by this order."

On or about February 5, 1985, a motion for contempt and involuntary assignment of earnings was filed by the ex-spouse against the relator. We are told in the brief of the relator, which is uncontradicted, that the ex-spouse stated in her motion that she was the managing conservator of the child, which was not true in view of the December 26, 1984, order. On March 11, 1985, the trial court found the relator in contempt of the August 29, 1983, divorce decree with respect to child support, which seems to have ignored the December 26, 1984, modifications.

The question before this court is what the trial court meant by its December 26, 1984, order when it said that "... all prior orders for the support of such child are superseded ..."

We note that a different judge sitting for the 302nd Judicial District Court heard the application for modification of conservatorship resulting in the December 26, 1984, order. An examination of the statement of facts pertaining to the contempt hearing raises questions as to where the child was actually living prior to December 26, 1984. Relator says the child lived with him during 1984 which is why he sought a change in managing conservatorship. If such is-

sues were before the court in the application for change of conservatorship, it is conceivable that that court determined that the relator should not be required to pay child support retroactively. We find that the court did intend to cancel all prior orders of the court and to supersede the original order with the change in conservatorship order of December 26, 1984.

The judgment of contempt states that relator "... has contemptuously disobeyed the order [of August 29, 1983]...." Since the order which relator was found to have violated, according to the contempt order, was subsequently modified, relator could not be held in contempt for violation of the original order. *Ex parte White*, 616 S.W.2d 340, 341 (Tex.Civ.App.—San Antonio 1981, no writ). The existence of the two orders, even if it be assumed that the original order was still effective, created, at the very least, uncertainty concerning any amount of child support relator might have been required to pay. *Ex parte Stroope*, 524 S.W.2d 378, 380 (Tex.Civ.App.—Dallas 1975, no writ).

The application for writ of habeas corpus is granted and relator is ordered discharged from custody.