### Ex Parte L. A. Kottwitz.

No. 4805. Decided June 25, 1928.
(8 S. W., 2d Series, 508.)

*A. B. Wilson* and *T. H. McGregor,* for relator.
*W. Carter Grinstead,* for respondent.

The briefs for both relator and respondent were devoted to discussion of the question whether the order to plaintiff to turn over the property, for which a receiver had been appointed, was suspended by an appeal taken from the order appointing the receiver, a matter not passed on in the opinion of the court.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

It is unnecessary to state in detail the proceedings in the course of which the judgment for contempt was entered against the relator. The case out of which it arose is stated in the opinion of the Court of Civil Appeals, on appeal from the order appointing a receiver, L. A. Kottwitz, Independent Executor, v. Mrs. Leonie E. Jehn, 6 S. W. (2d), 209. In the course of the trial of this case relator was adjudged in contempt of court for failure to turn over and deliver to the court and to the receiver appointed by the court certain property and books belonging to the estate of which the relator was independent executor. The decree of the court, after reciting the facts giving rise to the judgment for contempt, prescribed the punishment of the relator as follows: "The said L. A. Kottwitz is therefore in contempt of this court, and it is therefore ordered, adjudged and decreed that the said L. A. Kottwitz be and is here· now committed to the county jail of Harris County, Texas, there to remain until he shall purge himself of contempt of this court; and the sheriff of Harris County, Texas, is hereby ordered to seize the said L. A. Kottwitz and place him in the Harris County jail until he shall purge himself of contempt and until otherwise ordered by this court."

We find it unnecessary to discuss the various questions raised by relator, for the reason that we are of the opinion that the order referred to is void, because no definite punishment is prescribed.

Revised Statutes, Article 2217, empowers District Courts with authority to cause their judgments and decrees to be carried into execution, and authorizes such courts to enforce their· judgments "by attachment, fine, and imprisonment."

Revised Statutes, Article 1911, gives District Courts power to punish any person guilty of contempt by a fine not exceeding $100 and by imprisonment not exceeding three days.

The punishment specified in the order of the court is clearly not within the terms of this statute, nor is it limited to such time as the relator might comply with the orders of the court by turning over to

the receiver the books and papers concerning which the contempt arose. In other words, there is no time limit of any character in the decree. It is an elementary principle of the law of contempt that the punishment must be definite where its purpose is punishment for a past offense; and where its purpose is to secure the compliance of some order, it must be entire, and for a time or upon condition certain, and that a judgment which is not certain as to time or condition in some manner is a void judgment. 6 Ruling Case Law, pp. 535, 536, Sec. 48; 13 Corpus Juris, p. 85, Sec. 131, p. 92, Sec. 140; Ex Parte Kearby, 35 Texas Crim., 531, 34 S. W., 635, 636; State ex rel. Rohde v. Sachs, 2 Wash., 273, 26 American State Reports, 857; O'Rourke v. Cleveland, 49 N. J. Eq., 577, 31 American State Reports, 719; State v. Voss, 8 Iowa, 467, 8 L. R. A., 767.

In the case of Ex Parte Kearby, supra, an order of the district judge punishing the relator for contempt until he should purge himself thereof, was held void by the Court of Criminal Appeals, for this reason as well as for other reasons. In part that court said:

"The verbal order, as it comes before us on the face of the writs, is without limitation as to time. The order above referred to, which was entered subsequently (after the verbal order), undertakes to confine them until they purge themselves. What the judge meant by this expression we are not informed. The answer of one of the applicants, however, shows that he endeavored to make explanation and apologize to the court either verbally or in writing, which was refused by the court. What submission, what apology, what objection, on the part of the applicants, is not indicated in the order entered, after this court acquired jurisdiction; and standing, as it does, in this condition, it adds force to the contention that the order made was without limitation, subject only to the will and pleasure of the judge making it. By all of the authorities, as we understand them, such an order no court has authority to make. See 4 Enc. Pl. & Prac. p. 802, note 1."

We have no doubt of the power of the court to commit to jail until its lawful orders have been obeyed, and in this case, assuming, but not deciding, that the court lawfully directed the relator to turn over and deliver to the court and the receiver the property and books in controversy, he could lawfully have committed relator to jail until the order was complied with. Ex Parte Testard, 102 Texas, 287, 20 Ann. Cases, 117; Ex Parte Tinsley, 37 Texas Crim., 517, 66 Am. St., 818, 40 S. W., 306, 311; Ex Parte Tinsley, 171 U. S.,

101, 107, 43 L. Ed., 91. But no such order was entered by the court. The rule is that while a judgment for contempt, the purpose of which is to secure compliance with lawful orders of the court, need not designate the term of imprisonment in months or days, it must, like all judgments, be intelligible and certain, so that the defendant may know what is required of him; and where, as in the instant case, the order does not state that the commitment is until the defendant shall do or perform certain acts in compliance with the orders of the court, but simply states in indefinite language that he is committed until he purges himself of contempt, the order is too indefinite, and is void. Authorities supra; People v. Pirfenbrink, 96 Ill., 68; Taylor v. Newblock, 5 Okla., 647, 49 Pac., 1114; Jernee v. Jernee, 54 N. J. Eq., 657, 35 Atl., 458.

In the case of Ex Parte Young, 103 Texas, 470, 129 S. W., 599, the Supreme Court held that the mere fact that a judgment imposing imprisonment as a punishment for contempt also contained a provision that the relator shall be held in prison until he purges himself of contempt, did not invalidiate so much of the order as specified a definite punishment. The parties involved in the Young Case had been found guilty of contempt, and were punished by a fine of $100 and three days in jail. The order also contained a direction that each of the parties should be held in custody until he purged himself of the contempt in such manner and form as might be directed by the judge. The matter came before the Supreme Court on writ of habeas corpus, and this Court held that so much of the order as charged and defined a definite imprisonment was valid, notwithstanding the concluding indefinite portion just referred to. In the opinion this Court said the general language at the conclusion of the judgment awarding punishment had no effect to invalidate the judgment prescribing the fine and punishment, but that in case no direction should be given by the judge who granted the writ "the relator will be entitled to be discharged upon compliance with the express terms of the order."

It is true that Revised Statutes, Article 4661, relating to the power of the court to punish for disobedience of injunctions gives the court power to punish for contempt, and authorizes the court to imprison one who has disobeyed an injunction until he purges himself of the contempt "in such manner and form as the court or judge may direct." This, however, means merely that the court has the power to prescribe the manner and form in which the one adjudged guilty of contempt may purge himself, and has nothing to do with the

validity of a decree which must be definite and certain in the punishment or confinement adjudged. An order of a court that one adjudged guilty of contempt is to be confined in jail until he purges himself of contempt must define what is required of him in order that he may purge himself of the contempt. Otherwise the decree is too indefinite to be carried into effect.

We are of the opinion that the judgment of contempt against the relator was void for the reasons stated, and that he ought to be discharged from custody. The relator will be discharged.