**Ex parte Charles Edward PROCTOR.**

**No. A-11013.**

Supreme Court of Texas.

Jan. 26, 1966.

Sam Burns, Houston, for relator.

Rex Henger, Houston, for respondent.

GREENHILL, Justice.

Pending an action for divorce, Charles Edward Proctor, the relator, was ordered to pay to his wife the sum of $30 per week for the support of a minor child. In April of 1965, the wife, after the divorce, filed a complaint stating that Proctor had failed to make the payments and alleging that he was delinquent in the amount of $670. The court thereupon issued an order to Proctor commanding him to appear and show cause why he should not be held to be in contempt. Proctor was served with a copy of the wife's complaint and the court's show-cause order.

On June 25, 1965, the Court of Domestic Relations No. 2 of Harris County entered a judgment upon a printed form. It began by stating that Proctor stood charged with contempt for failure to pay the sum of $30 per week. It does not, however, find or recite the amount in which Proctor was in arrears in his payment. The judgment then recites due service upon Proctor and says that after hearing the evidence and argument of counsel, the court was of the opinion that Proctor was in contempt because of his failure to make the child support payments, and the court so found.

Then the printed-form judgment states, with the words filled in the blanks, as follows: "* * * and his punishment for

such contempt is hereby fixed by assessing against him a fine of $——— and committing him to the County Jail of Harris County, Texas, for 3 days, and it is further Ordered that the said Charles Edward Proctor should pay the sum of $550 as child support payments to Sidonia Ruth Proctor [the wife], and also by paying all costs incurred herein, and upon such payments, the said Charles Edward Proctor shall be released from custody."

Proctor served his three days in jail but has not paid the $550 and costs. He sought and obtained an original writ of habeas corpus from this Court. He was released on bond pending the decision of this Court.

The printed form in question is exactly the same form, and issued by the same court, as that used in the case of Ex parte Savelle, Jr., 392 S.W.2d 113 (Tex. Sup.1965). The only difference is that in *Savelle,* the form read, "and it is further Ordered that the said George Monroe Savelle, Jr., may purge himself of such contempt by paying the sum of $300.00 * *." In the case at bar, the form was the same, but the words in the printed form, "may purge himself of such contempt by paying" were struck out in pencil or by pen, and the words "should pay" were written in above the words which had been struck out. This variation does not change the legal effect of the judgment. If anything, it weakens it. Under the authority of Ex parte Savelle, supra, the relator Proctor is entitled to be released, and it is so ordered.

This holding does not disturb the recognized power of a court to confine a party for contempt until he obeys the order for which he has been held in contempt for disobeying. Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 17 L.R.A. (N.S.) 1140 (1908); Ex parte Kottwitz, 117 Tex. 583, 8 S.W.2d 508 (1928). However, where this remedy is followed, the order should clearly state in what respect the court's order has been violated and that the party

is committed to jail until the court's order is complied with to the extent required by the court. In the instant case, if the court had found that the relator was delinquent in the amount of $550 in support payments ordered to be paid in its judgment of December 22, 1964, and if the court had further found him in contempt and had committed him to jail for three days and until he had paid the $550 and court costs, the relator could have been held until he made such payments. In the instant case there was no finding that relator's delinquent payments amounted to $550.