**Ex parte B. D. CARLTON.**

**No. 293.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

July 2, 1969.

Jimmy Phillips, Jr., Angleton, for relator.

TUNKS, Chief Justice.

This is an Original Proceeding on a writ of habeas corpus.

The relator was defendant in a divorce case pending in the Brazoria County Court of Domestic Relations. He was ordered by that court to make support payments to his wife while the case was pending. He became in arrears on those payments. His wife filed a motion asking that he be held in contempt of court. Upon the hearing of that motion the trial court found him to be in contempt and ordered him jailed. This Court, acting under the recently enacted Article 1824a, Vernon's Annotated Texas Statutes, granted his application for writ

of habeas corpus and ordered that he be released from custody, upon his filing of a proper bond, pending our determination of his request that he be discharged.

The pertinent language of the trial court's order that the relator be jailed is as follows:

"It is further ORDERED that the Defendant, B. D. Carlton, is in contempt of Court and his punishment is assessed at three (3) days in the County Jail and until such time as he has paid the sum of One Thousand Seven Hundred Fifty Dollars ($1,750.00) and temporary alimony as heretofore ordered."

■ The trial court had the power, on finding the relator to be in contempt, to punish him by imprisonment not exceeding three days. Articles 1911 and 2338–19, V. A.T.S. The relator had already served more than three days before making his application for writ of habeas corpus to this Court.

The trial court also had the power to force the relator to comply with the support order by having him held in jail until he did so. However, such a coercive order must specify in clear and unambiguous language that which the imprisoned one is required to do in order to be released. Ex Parte Proctor, (Tex.Sup.Ct.), 398 S.W.2d 917; Ex Parte Kottwitz, 117 Tex. 583, 8 S.W.2d 508.

■ The order in this case does not meet the requirements established by those authorities. It recites a finding that the relator is in contempt but does not identify any action or failure to act on his part which constitutes such contempt. There is no finding as to the amount by which he was in arrears in the support payments, nor, for that matter, that he was in arrears at all. It is probable that the court considered him to be $1,750 in arrears and intended that he be confined until he paid that amount to his wife. That assumption, however, makes it impossible to construe the final words "and temporary alimony as

heretofore ordered." What other "temporary alimony as heretofore ordered" than the $1,750 is required to be paid cannot be determined.

Because the relator has served the three days assessed as punishment for his contempt, and because the coercive order continuing his confinement is ambiguous as to what is required of him, it is ordered that he be released.