**Ex parte Darrell W. OEBEL, Relator.**

**No. 04–82–00222–CV.**

Court of Appeals of Texas, San Antonio.

June 9, 1982.

Edward J. Kidwell, San Antonio, for appellant.

James R. Bass, San Antonio, for appellee.

Before ESQUIVEL, CLARK and CANTU, JJ.

## OPINION

PER CURIAM.

This is an original habeas corpus proceeding.

By an order entered by the 150th District Court of Bexar County, relator Darrell W. Oebel was adjudged in contempt of court for failure to make child support payments pursuant to a divorce judgment entered by the same court on February 8, 1981, and for making certain telephone calls in violation of a permanent injunction as further set out in the divorce decree.

In pertinent part, the commitment order states that:

> ... The Court, having heard the evidence and arguments of counsel is of the opinion and finds that the said respondent is guilty of contempt of this court in that he has failed and refused to make such child support payments and is now in arrears in the sum of $943 and further, that the respondent is guilty of contempt in that on October 29, 1981 and on November 30, 1981, the respondent telephoned ALEXIS D. OEBEL very late at night at her residence, and said telephone calls by DARRELL W. OEBEL were not in connection with arranging of visitation with the parties minor child and further, DARRELL W. OEBEL did on each of said occasions threaten ALEXIS D. OEBEL with imminent bodily injury.

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the said DARRELL W. OEBEL, be and he is, hereby adjudged guily [sic] of contempt of this Court for violation of said child support order as hereinbefore set forth and for violation of the Court's injunction heretofore issued, and is further ORDERED that he be committed to the Bexar County Jail for a period of a total of one hundred eighty (180) days, same to be served by DARRELL W. OEBEL on weekends beginning at NOON, May 13, 1982 until May 16, 1982 and on each and every weekend thereafter from 6 p.m. each Friday until 6 p.m. Sunday thereafter until a total of one hundred eighty (180) days have been served in jail by DARRELL W. OEBEL.

> The Court finds that James R. Bass, Attorney at Law, has represented ALEXIS D. OEBEL AND MICHELL [sic] LEE OEBEL in this matter and that the fair value of this legal representation is of the value of $500 and that amount is assessed as Court costs and adjudged against DARRELL W. OEBEL.

> It is further ORDERED that a certified copy hereof shall be delivered to the Sheriff of Bexar County, Texas, commanding said Sheriff to arrest the said DARRELL W. OEBEL and confind [sic] him to the Bexar County Jail for a period of 3½ days until 6 p.m. Sunday, May 16, 1982 and this order shall be sufficient warrant and authority to said authority.

> That if by 5:00 p.m. each Friday DARRELL W. OEBEL pays ALEXIS D. OEBEL the sum of $400 through the Bexar County Child Support Office, the said DARRELL W. OEBEL will be excused from jail that weekend.

> That when the said DARRELL W. OEBEL has purged himself of contempt of this Court by paying to ALEXIS D. OEBEL through the Bexar County Child Support Office the sum of $1624 for child support arrearage, court costs and the

attorney's fees of James R. Bass in the sum of $500, the said DARRELL W. OEBEL will be excused from serving any further time in jail.

It is evident that relator has been found in contempt for two separate offenses; i.e., *for violating the permanent injunction and for failing to pay child support payments*. Nevertheless, the trial court assessed one punishment for the two acts of contempt.

It is unclear, however, whether the single punishment was assessed for both acts of contempt, or only for the violation of the permanent injunction, or only for the violation of the order involving child support payments.

Assuming that the coercive portion of the punishment applies solely to the violation of the injunction, then it is apparent that under the order, the relator can not be released until he pays the arrearage, court costs and attorney's fees. This is in violation of Tex.Rev.Civ.Stat.Ann. art. 1911a (Vernon Supp.1982). There is no provision for recovery of attorney's fees under art. 1911a in such a contempt action.[1] Similarly, assuming that the coercive portion of the punishment applies solely to the violation of the order involving child support payments, the relator can not be released despite the fact that he pays the arrearage, court costs and attorney's fees because the relator is required to serve 3½ days. It is impossible to determine whether the 3½ days were assessed as a consequence of the violation of the injunction or as a result of the failure to pay child support.

■ It is well settled that a trial court can confine a party for contempt until he obeys the order which he has been held in contempt for disobeying. *Ex parte Proctor*, 398 S.W.2d 917, 918 (Tex.1966); *Ex parte Lazaro*, 482 S.W.2d 12, 16 (Tex.Civ.App.—

San Antonio 1972, writ dism'd). But, importantly, the commitment order must specify in clear language the actions which the contemnor must perform in order to gain release. *Ex parte Proctor, supra; Ex parte Hart*, 520 S.W.2d 952, 954 (Tex.Civ.App.—Dallas 1975, no writ). The commitment order in the instant case fails to measure up to this test of clarity.

■ Thus, in view of the fact that the single punishment for the two acts of contempt is non-divisible, *See Ex parte Dirr*, 564 S.W.2d 422 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) and since the punishment assessed by the court for one of the acts of contempt was beyond its authority under the provisions of Tex.Rev.Civ.Stat. Ann. art. 1911a, the entire judgment is tainted and void. Furthermore, as a result of the failure of the order to specify in clear language the actions relator must perform to gain his release, we order relator discharged.

It is so ordered.

---

1. Tex.Rev.Civ.Stat.Ann. art. 1911a provides in pertinent part:

   Section 1. A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.

   Section 2. (a) Every court other than a justice court or municipal court may punish by a fine of not more than $500, or by confinement in the county jail for not more than six months, or both, any person *guilty of contempt of the court.*