**Ex parte Tommy HERNANDEZ.**

No. 11–87–035–CV.

Court of Appeals of Texas,
Eastland.

March 26, 1987.

Keith Woodley, Woodley & Dudley, Comanche, for appellant.

Robert E. Reich, Brownwood, for appellee.

DICKENSON, Justice.

In this habeas corpus proceeding the controlling issue is whether the Order of Commitment specifies in clear and unambiguous language what the prisoner is required to do in order to obtain his release. We granted the application for habeas corpus on February 24, 1987, set the matter for hearing on March 5, 1987, and authorized the Sheriff of Comanche County to release his prisoner on $500 bond pending the hearing and decision of this case. See TEX.GOV'T CODE ANN. sec. 22.221 (Vernon Pamph.1987) and TEX.R.APP.P. 120.

Relator, Tommy Hernandez, a police officer employed by the City of Comanche, was held in contempt for failure to pay child support after a hearing in the District Court of Comanche County on November 24, 1986. The trial court's order was signed on January 15, 1987, and it found: that relator was in arrears in the amount of $5,925; that relator had been able to make his child support payments on each of the 62 listed dates; that he was in contempt for each violation, and *punishment for each of the 62 violations was "assessed at a fine of $200.00 and confinement in the county jail of Comanche County, Texas for a total period of thirty (30) days,* and thereafter until all sums are paid in full" [Emphasis added]; that relator is presently able to pay the arrearages; and that after the punitive confinement relator shall continue to be confined until he has paid the full arrearage of $5,925 and $63 as court costs. Pursuant to TEX.FAM.CODE ANN. sec. 14.40(e) (Vernon 1986), relator was placed on probation, and his commitment was suspended subject to the following conditions: (1) that he pay $50 on the 1st and 15th day of each month in addition to the regular child support payments until the arrearage is paid in full; (2) that he pay court costs in the amount of $63 to the district clerk; and (3) that he "spend three of the next five weekends in the County Jail beginning at 6:00 PM Friday and ending at 6:00 PM the Sunday next following." The order then scheduled a hearing for February 23, 1987, to determine whether relator had complied with the terms and conditions of his probation.

At the hearing on February 23, 1987, the trial court learned that relator was in compliance with the first two conditions of his probation, but that he had failed to serve any of the jail time ordered as a condition

of his probation.[1] The Order of Commitment signed on February 23, 1987, reads in full as shown [omitting the introductory paragraph which contained the finding that relator failed to comply with Condition No. 3 of the suspension order and that contempt punishment should be ordered]:

> Therefore it is ordered that the Respondent [our relator] shall be committed to the Comanche County Jail in accordance with the original Contempt Punishment as provided in the January 15, 1987 order, *to which reference is here made for all purposes,* said commitment to be effective at 1:00 PM February 24, 1987 unless said order shall be suspended by Order of the Court of Appeals. The Sheriff of Comanche County is ordered to take Respondent into custody in accordance with this order and to *confine him in said County Jail as provided herein.* [Emphasis added]

It is to be noted that a copy of the order of January 15, 1987, was not attached to the Order of Commitment,[2] nor were its terms quoted. The sheriff and his deputies were only furnished with the Order of Commitment, and it does not tell them how long to confine the prisoner. Moreover, the order to which reference was made was ambiguous insofar as its punitive provisions. It is not clear if the order contemplates the payment of 62 fines in the sum of $200 each, or if the 62 violations require that the 30–day periods of confinement be served simultaneously or in sequence.

An order of commitment must specify in clear and unambiguous language what the prisoner must do in order to be released. See *Ex parte Barnett,* 600 S.W.2d 252 at 256 (Tex.1980); *Ex parte Proctor,* 398 S.W.2d 917 at 918 (Tex.1966); *Ex parte Oebel,* 635 S.W.2d 454 at 456 (Tex.App.—San Antonio 1982, original proceeding); *Ex parte Hart,* 520 S.W.2d 952 at 954 (Tex. Civ.App.—Dallas 1975, original proceeding); *Ex parte Carlton,* 443 S.W.2d 61 at 62 (Tex.Civ.App.—Houston [14th Dist.] 1969, original proceeding).

The Order of Commitment is void. It is ordered that relator, Tommy Hernandez, be discharged.

---

**1.** Relator's ex-wife withdrew her request for confinement, stating through her attorney that it was in the best interest of her minor children that their father not be incarcerated because it was necessary for him to be free from incarceration in order to maintain his employment so that he could make his child support payments.

**2.** See and compare *Ex parte Jones,* 700 S.W.2d 15 at 18 (Tex.App.—Eastland 1985, original proceeding), where this Court found that an order of commitment was sufficient which provided that the prisoner was to be confined "in accordance with the judgment of contempt attached hereto."