**Ex parte Barry Donald BAGWELL, Relator.**

No. B14–88–233–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 14, 1988.

Walter Mahoney, Jr., Pasadena, for appellant.

Craig Welscher, Houston, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an original habeas corpus proceeding. Relator Barry Donald Bagwell seeks relief from an order of contempt and commitment entered by the 309th District Court of Harris County on February 9, 1988 in Cause No. 79–52982. We granted relator leave to file his petition and ordered the Sheriff of Harris County to release him on bond pending resolution of this cause. TEX.GOV'T CODE § 22.221(d) (Vernon Pamph.Supp.1988). Relator contends the trial court's order of contempt and commitment is void. We conclude that both the contempt and commitment sections of the

trial court's order fail to satisfy the requirements of TEX.FAM.CODE § 14.33(a) (Vernon Supp.1988). We therefore grant the writ and order relator discharged.

By an order entered on January 14, 1982, the 309th District Court terminated relator's marriage to Sharon Bagwell, the real party in interest. The divorce decree named the parties joint managing conservators of their two minor children and required relator to pay $300 per month child support through the Harris County Child Support Division.

After a dispute over his child support obligations arose, relator and his former wife executed an "Agreed Order of Contempt" [the "agreed order"], which the trial court signed on November 11, 1984, and entered in its minutes. The agreed order reaffirmed relator's monthly $300 child support obligation under the divorce decree. It also clarified the original decree by specifying the times and places of payment as well as the beginning and terminating dates of relator's child support obligations. The commitment portion of the agreed order ordered relator confined for three days in the Harris County jail for failure to pay a stipulated $5350 child support arrearage. The agreed order suspended that sentence on condition that relator pay $2500 of his stipulated arrearage by September 25, 1984, $50 per month toward the remaining child support arrearage in addition to regular child support, and a $350 attorney's fee to counsel for the real party in interest. Although the trial court "reset" the case to December 12, 1984, one month later, and ordered both parties and their attorneys to appear on that date for a compliance hearing, the papers on file in this case do not reflect any action concerning that hearing.

Almost three years later, on October 29, 1987, the real party in interest filed a motion in the trial court. She sought relief on several grounds: enforcement of child support by contempt; confirmation of $5075 as the amount of arrearage due under both the divorce decree and the agreed order; revocation of suspension of relator's commitment; wage withholding; and a judgment for the total amount of arrearage. Both parties appeared with their attorneys at a hearing on February 9, 1988. At that time the trial court entered the order of contempt and commitment from which relator seeks relief.

■ For this court to order relator released from custody, he must establish that the trial court's order is void, either because the court lacked jurisdiction or because it deprived him of his liberty without due process. *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980); *Ex parte Crawford,* 684 S.W.2d 124, 126 (Tex.App.— Houston [14th Dist.] 1984, original proceeding). Relator attacks the validity of the trial court's order of contempt and commitment on both grounds. We sustain his due process contentions.

■ Tex.Fam.Code § 14.33 is part of Subchapter B of Title Two of the Family Code. Subchapter B governs all enforcement orders for support or possession of, or access to, a child. The legislature added Subchapter B to the Code pursuant to Act of September 1, 1985, ch. 232, secs. 9–10, 1985 Tex.Gen.Laws 1158, 1160–1170 ["the 1985 Act"]. Section 14 of the 1985 Act repealed Tex.Fam.Code § 14.09, which formerly governed enforcement orders. A trial court must now comply with § 14.33 when it enters an order to enforce a prior order for support, or possession of or access to a child.[1]

■ Section 14.33(a) requires that a court's enforcement order indicate by specific findings: what the prior final order, judgment, or decree required; in what respect the contemnor violated the order, judgment, or decree; the relief ordered by the court. *Accord, Ex parte Proctor,* 398 S.W.2d 917, 918 (Tex.1966) (court's order confining party to jail must clearly specify how the contemnor's violated the court's

---

1. Pursuant to Act of November 1, 1987, ch. 73, sec. 7, 1987 Tex.Sess.Law Serv. 458, 467–68 (Vernon), the legislature further amended § 14.33(a) to provide that a trial court may only enter enforcement orders when there has been a prior *final* order, decree, or judgment for which enforcement is sought.

prior orders as well as how the contemnor may purge himself of contempt). While due process demands that both the order of contempt and the order of commitment be written, *Ex parte Strickland,* 723 S.W.2d 668 (Tex.1987) (per curiam), we find nothing in § 14.33 which proscribes the trial court's combining both orders in a single written instrument. *See Ex parte Sinclair,* 746 S.W.2d 956, 959 (Tex.App.—Houston [14th Dist.] 1988, original proceeding); *accord, Crawford,* 684 S.W.2d at 128; *Ex parte Snow,* 677 S.W.2d 147, 149 (Tex. App.—Houston [1st Dist.] 1984, original proceeding) (cases decided prior to enactment of § 14.33; both hold a trial court may properly find a delinquent obligor in contempt and order that obligor committed to jail by means of a single written order).

In the case before us, the trial court inserted relevant information in the applicable blanks of a pre-typed form entitled "Order Holding Respondent in Contempt for Failure to Pay Child Support and for Commitment." We conclude the contempt and commitment portions of the court's order are both void.

In the contempt portion of its order, the court found it had required relator to make periodic child support payments, and that relator had contemptuously failed to do so. In an attempt to satisfy § 14.33(a) of the Family Code, the court referred to volume 2242, page 345 of its minutes where it had recorded the "orders [sic]" requiring relator to make child support payments. The court proceeded to find that relator had contemptuously disobeyed its "order [sic]." It set out a past due arrearage of $5075, two credits of $350 and $300 each, and an intervening arrearage of $1200, for an erroneous total of $5650, actually $5625. It supported its past due arrearage findings with an itemized listing of amounts due and unpaid on specific dates on the second page of the order, found that relator was able to pay on each date, and entered a specific finding that each failure to pay amounted to separate count of contempt.

■ Relator argues the court entered a void order because it referred only to the decree recorded at volume 2242, page 345

of its minutes, which cannot support its finding him in contempt for failing to pay a total arrearage of $5075. We agree. The table of specific instances of failure to pay shows that relator failed to pay $175 when due twice a month, or $350 per month. Yet the decree recorded at volume 2242, page 345 of the court's minutes required relator to pay $150 twice a month, or only $300 per month. The $350 per month described as past due arrearage is clearly based on the January 14, 1982 divorce decree, *plus* the $50 per month payment toward arrearages which the court ordered pursuant to the parties agreed order of November 12, 1984, entered at volume 2876, page 680 of the court's minutes. However, the contempt portion of the court's order referred *only* to the divorce decree.

■ Moreover, the commitment portion of the order referred only to the commitment portion of the parties' agreed order. Thus, the court made no attempt, in either the contempt or the commitment portion of its order, to recite what the parties' agreed order required relator to do: pay an additional $50 per month toward his arrearage. Since the trial court found relator in contempt based on both prior orders, § 14.33(a) clearly demanded specific findings to indicate what both orders required relator to do, and how he had failed to comply. Because the divorce decree alone cannot support the court's finding relator in contempt for failing to pay arrearages based on a $175 twice-monthly child support obligation, the contempt portion of the court's order cannot satisfy TEX.FAM.CODE § 14.33(a) and is void.

■ Relator also maintains that because he cannot ascertain the conditions by which he can purge himself of contempt and thereby obtain his release from custody, the punitive portion of the order is void. We agree. In order to be enforceable by a motion for contempt, *Ex parte Slavin,* 412 S.W.2d 43, 44 (Tex.1967) mandates that the underlying decree, order, or judgment must clearly and unambiguously inform a person of what he must do in order to avoid contempt. Similarly, TEX.FAM.CODE § 14.33(a), which demands that any enforcement order

specifically set out the relief awarded by the court, is consistent with established Texas precedent requiring that an order committing a contemnor to jail must clearly specify what the contemnor must do in order to be released from custody. *See Ex parte Proctor*, 398 S.W.2d at 918; *Ex parte Kottwitz*, 117 Tex. 583, 586, 8 S.W.2d 508, 509 (1928); *Ex parte Hernandez*, 726 S.W.2d 651, 652 (Tex.App.—Eastland, 1987, original proceeding); *Ex parte Crawford*, 684 S.W.2d at 128; *Ex parte Carlton*, 443 S.W.2d 61, 62–63 (Tex.Civ.App.—Houston [14th Dist.] 1969, original proceeding). Section 14.33(a) of the Family Code, together with *Proctor* and *Kottwitz*, clearly require that an order of commitment confining a contemnor to jail must unambiguously state what he must do to gain release from custody.

■ In the case before us, the trial court added extensive interlineation to the punitive section of its pre-typed form order. The interlineations reflect that the court actually entered two punishments, one on page three of its order of contempt and commitment, the other on page four. We conclude the punitive portion of the court's order is ambiguous and therefore void.

In the interlineation added to page three of its order, the court ordered relator confined to jail for three days, a sentence which would run concurrent with the other punishments assessed. We conclude this was an attempt to revoke the suspension of relator's commitment the court had ordered pursuant to the parties' agreed order of November 12, 1984. The court further ordered relator confined for sixty days for each contempt plead and shown unpaid, and to remain confined day to day until he had paid $2500 in child support through the Harris County Child Support Office, and $500 as attorney's fees. The court further indicated that when relator had paid the foregoing amounts and showed the court a good faith effort to pay the remaining arrearage, it would consider probation. However, on page four of its order the court ordered relator confined until he had paid the *entire* $5650 amount the court found to be due and owing, plus $1,000 in attorney's fees and court costs. Because the conditions by which relator could gain release from custody are conflicting and therefore unclear, we hold the punitive portion of the trial court's order is impermissibly ambiguous and therefore void.

We sustain relator's contention that the trial court entered a void order of commitment. Having found the trial court's order void, we need not address relator's remaining arguments.

Relator's application for writ of habeas corpus is granted. Relator Barry Donald Bagwell is ordered released from bond and discharged from custody pursuant to the order of contempt and commitment entered by the 309th District Court of Harris County on February 9, 1988 in Cause No. 79–52982.