IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-92-583-CV






EX PARTE: RICHARD R. LEIGH, 



 RELATOR




 


 




HABEAS CORPUS PROCEEDING FROM WILLIAMSON COUNTY



 





PER CURIAM



 Relator Richard R. Leigh (1) has filed an original habeas corpus proceeding in this
Court by which he seeks discharge from the custody of the sheriff of Williamson County. See
Tex. Gov't Code Ann. § 22.221(d) (West Supp. 1993); Tex. R. Civ. P. 120. Relator is confined
in jail pursuant to an order of commitment rendered by the county court at law of Williamson
County on March 11, 1992. This Court granted relator's petition for writ of habeas corpus and
directed issuance of the writ and realtor's release on bond on December 9, 1992.

 Relator and Cheryl Renee Leigh ("Leigh") were divorced in August 1989. 
Beginning August 20, 1990, relator was required to pay Leigh the amount of $600 per month for
the support of their two children. On August 28, 1991, on Leigh's motion to enforce child
support, the county court at law of Williamson County found that the amount of $6600 was past
due and ordered relator to pay Leigh the sum of $2200 no later than July 31, 1991; and $200 each
month thereafter until he had paid the amount owed in full. Relator was also to continue to pay
support of $600 per month.

 Thereafter, Leigh filed her motion to enforce the trial-court orders. See Tex. Fam.
Code Ann. §§ 14.30-.313 (West Supp. 1993). After a hearing, the trial court issued its order
finding that relator was in arrears in the amount of $7550 for the period from August 1, 1991,
through February 24, 1992; reducing this amount to judgment; and finding relator in contempt
for failure to pay the amounts due. The trial court ultimately ordered relator confined in the
county jail of Williamson County until he satisfied one of two conditions: (1) that he pay Leigh
the amount of $7550 plus attorney's fees of $1500 for a total of $9050 or (2) that he convey to
her four tracts of property described in the order. (2) The court suspended confinement on the
condition that relator satisfy either of the two conditions before 5:00 p.m. on March 10, 1992.

 On March 11, 1992, the trial court held a hearing, at which relator appeared, to
determine whether he had complied with the terms of the suspension of commitment. The trial
court found that relator had not complied with these terms and ordered him committed to the
custody of the Williamson County sheriff "as ordered by the said order suspending commitment,
until [Relator] has complied with the terms of said order." Relator has been in custody since
March 11, 1992.

 In his sole complaint in his petition for writ of habeas corpus, relator asserts that
the trial court committed him to jail for a period of six months and that he remains confined past
that time. (3) At the February 24th hearing, the trial court stated that he would "assess punishment
of six months in jail" and that relator "could purge himself by either paying back . . . arrearage
or deeding over to [Leigh] those lots in lieu of the arrearage." The court concluded, "six months
and I will suspend the execution for 14 days beginning tomorrow for it to be taken care of or to
go to jail."

 The trial court did not sign an order until March 10th. That order, however, orders
relator confined until he meets one of the two conditions for suspension of commitment. The
portion of the order that assesses punishment by confinement in jail for a period of six months for
each violation of the previous orders is crossed out and initialed "TGM" [Timothy G. Maresh].

 At the end of the March 11th hearing, the court stated, "I . . . commit you to the
Williamson County Jail for a period of six months and so long thereafter until you purge yourself
by either paying up the money or conveying the property . . . and I will sign an order to that
effect." Nevertheless, the trial court signed an order for commitment, ordering relator confined
"as ordered by the said order suspending commitment, until [Relator] has complied with the terms
of said order." Accordingly, relator was confined only until he met one of the two conditions set
out in the order of March 10th.

 "It is well-settled that to satisfy due process requirements, both a written judgment
of contempt and a written commitment order are necessary to imprison a person for civil
constructive contempt of court." Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980, orig.
proceeding); see Ex parte Linder, 783 S.W.2d 754, 756-57 (Tex. App.--Dallas 1990, orig.
proceeding); Ex parte Jacobs, 636 S.W.2d 20, 21 (Tex. App.--Austin 1982, orig. proceeding). 
Relator is confined pursuant to the written order of commitment signed on March 11, 1992, and
the order of March 10, 1992, to which it refers. At issue here is the procedure by which the trial
court ultimately ordered relator confined until he satisfied one of the two conditions stated in the
order of March 10th.

 The record shows that the trial court assessed three different periods of confinement
at four different times:



(1) On February 24th, the trial court orally ordered relator confined for a six-month period with confinement suspended;


(2) on March 10th, the trial court ordered relator confined "until [he] has
complied with one of the two conditions for suspension of commitment;"


(3) on March 11th, the trial court orally ordered relator confined for a six-month
period and so long thereafter until he purged himself of contempt by paying
the amount owed or conveying the property; and


(4) on March 11th, the trial court ordered him confined "in accordance with the
judgment of contempt" of March 10th.



 Due process requires that a relator know what acts or failures subject him to
punishment. See Ex parte Adell, 769 S.W.2d 521, 522 (Tex. 1989, orig. proceeding); Ex parte
Parr, 505 S.W.2d 242, 245-46 (Tex. 1974, orig. proceeding); see generally Ex parte Johnson,
654 S.W.2d 415, 420-22 (Tex. 1983). If relator's failure to purge himself of contempt before
March 10th subjected him to confinement until he met the conditions of suspension, he should
have been given notice of the changed circumstances. Parr, 505 S.W.2d at 246; Ex parte
Durham, 708 S.W.2d 536, 537 (Tex. App.--Dallas 1986, orig. proceeding); Ex parte McNulty,
678 S.W.2d 745, 747 (Tex. App.--Houston [14th Dist.] 1984, orig. proceeding).

 Additionally, an order of commitment must specify in clear and unambiguous
language what a relator must do to be released. Tex. Fam. Code Ann. § 14.33(a) (West Supp.
1993); Ex parte Hernandez, 726 S.W.2d 651, 652 (Tex. App.--Eastland 1987, orig. proceeding);
see Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980). The order for commitment here orders
relator confined as ordered by the order suspending commitment. The order for commitment
neither incorporates the terms of the order of suspension, quotes the relevant provisions of that
order, nor includes the order as an attachment. See Hernandez, 726 S.W.2d at 652. The order
of March 10th is somewhat ambiguous as it appears that, by crossing out the provision for six-months confinement, the trial court attempted to sign an order only for suspension of commitment. 
See Ex parte Bagwell, 754 S.W.2d 490, 493 (Tex. App.--Houston [14th Dist.] 1988, orig.
proceeding). To refer to that order, rather than setting out the terms of confinement, does not
clearly apprise relator of what he must do to be released.

 Accordingly, we conclude that the trial-court procedures relating to relator's
confinement did not accord him due process. The contempt portion of the order holding relator
in contempt for failure to pay child support, granting judgment, and for suspension of
commitment; and the order for commitment are void. We order relator released from bond and
discharged from the custody of the sheriff of Williamson County.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Relator Ordered Discharged

Filed: February 10, 1993

[Do Not Publish]
1.   Leigh appeared pro se in the proceedings below but did obtain counsel to represent him
at oral argument before this Court. The record before this Court does not indicate that
Leigh requested an attorney or asserted that he was indigent. See Tex. Fam. Code Ann. §
14.32(f) (West Supp. 1993); Ex parte Gunther, 758 S.W.2d 226 (Tex. 1988). Relator does not
complain of lack of waiver of counsel in his petition for writ of habeas corpus. See Ex parte
Linder, 783 S.W.2d 754, 759 (Tex. App.--Dallas 1990, orig. proceeding).
2.   At the February 24th hearing, relator testified he owned approximately nine acres of
property with a value of more than $10,000. None of the trial-court orders require relator
to transfer this property to Leigh. See Ex parte Jordan, 787 S.W.2d 367, 368 (Tex. 1990).
3.   At oral argument, relator asserted that he was imprisoned for debt in violation of Tex.
Const. art. I, § 18 because the order of contempt enforces payment of attorney's fees by
confinement. See Ex parte Prevost, 598 S.W.2d 310, 311 (Tex. Civ. App.--Beaumont 1979, orig.
proceeding). Texas courts, however, have held that imprisonment for failure to pay attorney's
fees incurred in enforcement of support obligations. Ex parte Helms, 259 S.W.2d 184, 188 (Tex.
1953); Tamez v. Tamez, 822 S.W.2d 688, 691 (Tex. App.--Corpus Christi 1991, writ denied).