Opinion issued April 27, 2006
 



 
 
 
 
 
 
 
 
In The
Court of Appeals
For The
First District of Texas
____________
 
NO. 01-06-00001-CV
____________
 
IN RE DAMIAN JOHNSON, Relator
 

 
 
Original Proceeding on Petition for Writ of Habeas Corpus
 

 
 
MEMORANDUM OPINION
           Relator, Damian Johnson, requests habeas corpus relief, asserting that he is
illegally restrained by a void January 3, 2006 contempt order. We ordered Damian
released upon his posting a bond, pending our final determination of his petition. We
grant habeas corpus relief.
Factual Background
          Damian and Carol-Leigh married in 1998. Shortly before they married, they
signed a premarital agreement containing a provision in which they each agreed to
“forego any alimony payments.” In 2004, Carol-Leigh initiated divorce proceedings,
which are still pending before the trial court. On June 29, 2005, the trial court
granted Carol-Leigh’s motion for interim attorney’s fees and ordered Damian to pay
$20,000 to her counsel on July 1, 2005. 
          On July 19, 2005, Carol-Leigh filed a motion to clarify the trial court’s June
29, 2005 order. Carol-Leigh sought clarification that the attorney’s fees constituted
spousal support, so that, if they were not paid as ordered, Damian would be subject
to the remedy of contempt. The hearing on the motion was set for July 25, 2005. On
July 28, 2005, following the July 25th hearing, the trial court signed an “Amended
Order For Spousal Support As Interim Attorney’s Fees.” It ordered Damian to pay,
as spousal support, the $20,000 to Carol-Leigh’s counsel by 3:00 p.m., July 29, 2005. 
          On August 5, 2005, Carol-Leigh filed a contempt motion against Damian,
asserting that, on July 25, 2005, the trial court ordered Damian to pay the $20,000
spousal support to Carol-Leigh’s counsel on July 27, 2005.


 
          On January 3, 2006, the trial court held a hearing on Carol-Leigh’s contempt
motion. Carol-Leigh testified. Damian, who was present, put on no evidence. At the
hearing’s conclusion, the trial court signed a contempt order entitled, “Order Holding
Respondent In Contempt For Failure to Pay Child Support and For Commitment and
Judgment For Unpaid Child Support.” In the body of the order, the trial court found
and then held as follows:
(2) On June 24, 2005,


 [Damian] was ordered to make a $20,000.00
payment of spousal support on or before 3:00 p.m. on July 29, 2005.


 
The oral rendition was formalized into a written final Order & signed by
the Court on July 28, 2005.


 A copy of said Order is attached as Exhibit
“B.”;
 
(3) [Damian] was charged with a count of contempt for failure to pay
spousal support on the date and in the amount as reflected on Exhibit
“A” attached hereto;
 
(4) [Damian] had the ability to make the spousal support payment on the
date and in the amount as reflected on Exhibit “A” attached hereto;
 
(5) [Damian] has contemptuously disobeyed the order by failing to
timely make the spousal support payment on the date and in the amount
as reflected on Exhibit “A” attached hereto;
 
(6) [Damian]’s spousal support arrearage as to the date of this hearing
is the total amount of $20,000.00; . . . .
 
Based upon the findings above, it is ADJUDGED that [Damian]
is in CONTEMPT OF THIS COURT for the violation of said court
order, and it is ORDERED that punishment for the violation is assessed,
concurrently, at confinement in the county jail of Harris County for a
period of 180 days . . . .
 
This contempt order, signed by the trial court on January 3, 2006, had two
attachments. Attachment “A,” entitled, “PAST DUE SPOUSAL SUPPORT
PAYMENTS” showed the following:
                              DATE DUE                     AMOUNT DUE
                              8/5/05                              $20,000.
Exhibit B was a copy of the July 28, 2005 “Amended Order for Spousal Support As
Interim Attorney’s Fees” (sometimes hereafter referred to as “spousal support order”).
Jurisdiction
          Carol-Leigh asserts that this Court does not have jurisdiction of Damian’s
petition because the trial court did not abuse its discretion in issuing the order for
temporary support, that the Texas Supreme Court and this Court have previously
rejected Damian’s argument that the spousal support order is void, that Damian
received due process regarding the issuance of the contempt order, and that the
contempt order was issued properly. These assertions do not support Carol-Leigh’s
claim that this Court lacks jurisdiction to consider Damian’s petition for habeas
corpus relief. Damian has produced an uncontroverted statement from the office of
the Sheriff of Harris County that he was in the Sheriff’s custody commencing
December 30, 2005. We have jurisdiction to consider Damian’s petition pursuant to
the Texas Government Code, section 22.221(d) (Vernon 2004).
Standard of Review
          The purpose of a habeas corpus proceeding is not to determine the ultimate
guilt or innocence of the relator, but to ascertain whether the relator has been
confined unlawfully. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). We issue
a writ of habeas corpus if a trial court’s contempt order is beyond the court’s power
or the court did not afford the relator due process of law. In re Henry, 154 S.W.3d
594, 596 (Tex. 2005) (citing Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980)). 
As a reviewing court, we may only determine if the trial court’s contempt findings are
so completely without evidentiary support that the trial court’s judgment is void
because it deprives a relator of liberty without due process of law. See Ex parte
Helms, 259 S.W.2d 184, 186 (Tex. 1953).
Analysis
          In issue three, Damian asserts that he is entitled to his unconditional release
because the only evidence at the contempt hearing was that he violated a non-existent
duty to pay spousal support on August 5, 2005. We agree. As a matter of due
process, Damian was entitled not to be incarcerated for something that was not a
violation of the order Carol-Leigh sought to enforce. See Ex parte Proctor, 398
S.W.2d 917, 918 (Tex. 1966) (“the [contempt] order should clearly state in what
respect the court’s order has been violated . . . .”). 
          Here, in the January 3, 2006 contempt order, the trial court found Damian in
contempt of its July 28, 2005 spousal support order for not paying the $20,000 to
Carol-Leigh’s counsel on August 5, 2005, when the July 28, 2005 spousal support
order required the $20,000 to be paid on July 29, 2005. Undoubtedly, the trial court
made the finding that Damian had violated the support order on August 5, 2005,
rather than on July 29, 2005 because of the following testimony:
[Carol-Leigh’s counsel] Q: And Ms. Johnson, how much spousal
support was he supposed to pay?
 
[Carol-Leigh] A: $20,000.
 
Q: And when was that amount due?
 
A: I believe it was due in July or the order was in July, in August.
 
Q: Would it seem reasonable to you that the $20,000 was due on August
the 5th of 2005?
 
          A: Yes.
 
          Q: Did you receive the $20,000 from your husband?
 
          A: No.
 
          Q: To your knowledge, did your attorney receive that money?
 
          A: No.
 
          In her brief, Carol-Leigh contends that this testimony was that neither she nor
her attorneys ever received the money, circumstantially establishing that Damian
violated the July 29, 2005 payment date provision of the support order. We note that,
in this testimony, Carol-Leigh did not use the word, “ever.” Additionally, coming as
it did, directly after her testimony that the money was due on August 5, 2005, her
testimony that neither she nor her attorney had received the money, could have fairly
been interpreted by the trial judge as meaning that the support order required the
money to be paid on August 5, 2005 and that Damian violated such a provision by not
making the $20,000 payment on that date. Further, hearing this August 5th non-payment testimony, if Damian had marshalled direct evidence to refute or act as a
legal bar (such as premarital contractual prohibition of alimony) to an anticipated July
29 non-payment testimony, he was justified in not producing it, thinking Carol-Leigh
had failed to adduce evidence of a violation of the July 29, 2005 payment provision.
          Carol-Leigh also contends that her testimony that the spousal support was due
on August 5, 2005 is accurate. Even though true, it does not change the fact that,
from a due process standpoint, if Damian were to be held in contempt for failing to
make a support payment, it should be for not making the July 29, 2005 payment
specified in the support order, to which he was entitled to look in preparing his
defense, and not for a failure to make an August 5, 2005 payment, not explicitly
specified in the spousal support order.
          We sustain Damian’s contention that he was denied due process because the
only evidence at the contempt hearing supported a non-existent duty to pay spousal
support on August 5, 2005. In light of this holding, it is unnecessary to consider
Damian’s other contentions.
Conclusion
          We hold that the January 3, 2006 contempt order is void. We grant Damian’s
request for habeas corpus relief and order the Sheriff of Harris County to
unconditionally release him from restraint. We deny Carol-Leigh’s motion for
sanctions against Damian.
 
 
                                                             George C. Hanks, Jr. 
                                                             Justice
 
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.