# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00775-CV

**In re Stephen Girard**

---

**ORIGINAL PROCEEDING FROM HAYS COUNTY**

---

## M E M O R A N D U M   O P I N I O N

In October 2025, relator filed a petition for writ of habeas corpus and motion for temporary emergency relief. *See* Tex. R. App. P. 52.1, 52.10(a). Based on our initial review, we ordered the Sheriff of Hays County to discharge relator from custody on a personal bond pending our resolution of his petition for writ of habeas corpus or further order of this Court. *See id.* R. 52.8(b)(3). We also ordered real party in interest to file a response to the petition on or before October 20, 2025. To date, real party in interest has not filed a response.[1]

Relator and real party in interest were married and had a child before they divorced in 2021. In the underlying proceeding, real party in interest filed a motion to enforce the provisions in their final divorce decree concerning possession and access to their child and to hold relator "in contempt, and to jail, and fine" him for each alleged violation of the provisions. Real party in interest attached an affidavit and other evidence to the motion and asserted multiple violations by relator including that he had "actively been breaking the custody schedule and

---

[1] On January 22, 2026, the clerk of this Court sent a follow-up request to real party in interest to file a response by January 27, 2026.

withheld [child]" April 26 to May 9, 2025. Relator filed an answer denying the allegations, and the trial court held a hearing on real party in interest's motion to enforce on July 16, 2025. Both parties were present and acting pro se. At the conclusion of the hearing, the trial court signed a "Writ to Sheriff" that stated that relator was "sentenced to serve 180 days for contempt of court," and relator was taken into custody.

In this proceeding, relator seeks a writ of habeas corpus. A relator is entitled to habeas relief when the trial court's contempt order is void, either because it was beyond the power of the court to issue it or because it deprived the relator of his liberty without due process of law. *In re Office of Att'y Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding); *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980) (orig. proceeding). In this case, real party in interest's motion to enforce was based on provisions of the divorce decree, and she asked the trial court to hold relator in constructive and criminal contempt, seeking to "jail" him based on his violations of those provisions. *In re Reece*, 341 S.W.3d 360, 365–66 (Tex. 2011) (orig. proceeding) (explaining that criminal contempt is "punitive in nature," punishing the contemnor for completed acts, and that constructive or indirect contempt involves actions that occur outside the presence of court).

To punish a person for constructive contempt, "[d]ue process requires both a written judgment of contempt and a written order of commitment." *Ex parte Strickland*, 723 S.W.2d 668, 669 (Tex. 1987) (per curiam) (orig. proceeding); *see Ex parte Barnett*, 600 S.W.2d at 256. "The two orders may be combined in the same document." *In re Markowitz*, 25 S.W.3d 1, 3 (Tex. App.—Houston [14th Dist. 1998, orig. proceeding) (first citing *Ex parte Barnett*, 600 S.W.2d at 256; and then citing *Ex parte Bagwell*, 754 S.W.2d 490, 492 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding)). However, when the court does not sign a

2

contempt judgment coincidently with a commitment order, "the commitment order must contain the elements of a contempt judgment; that is, 'the order should clearly state in what respect the court's order has been violated.'" *Id.* (citing Tex. Fam. Code § 157.166; *Ex Parte Alford*, 827 S.W.2d 72, 74 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)). In the context of a suit affecting the parent-child relationship, an enforcement order imposing incarceration for criminal contempt "must contain findings identifying, setting out, or incorporating by reference the provisions of the order for which enforcement was requested and the date of each occasion when the respondent's failure to comply with the order was found to constitute criminal contempt." Tex. Fam. Code § 157.166(b).

Among the grounds raised in his petition to this Court, relator seeks habeas relief because "[t]he contempt allegations are not reinforced in the signed order upon which Relator's confinement [is] based." Here, relator's confinement was based on the trial court's writ to the Sheriff of Hays County, and the writ fails to state in what respect relator violated the provisions of the divorce decree or which of real party in interest's allegations in her motion against relator were found by the court to constitute contemptible acts. Thus, we must conclude that the trial court's commitment order does not satisfy the requirements for a written order of contempt and is void and that relator's due-process rights were violated when he was confined without a valid contempt order. *See Ex parte Barnett*, 600 S.W.2d at 256–57 (ordering relator discharged from custody under commitment order when no written judgment or order of contempt existed and commitment order did not "contain the elements of a judgment or order of contempt").

Because we have concluded that relator's due-process rights were violated when he was confined without a valid contempt order, we grant his petition for writ of habeas corpus and order him discharged from custody.[2]

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Filed: March 17, 2026

---

[2] Given our holding, we need not address relator's remaining arguments attacking the legality of his confinement. *See* Tex. R. App. P. 47.1.