**Ex parte Tommy COMBS, Relator.**

**No. 01–82–0239–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 3, 1982.

Malone, Walsh & Wright, Harry H. Walsh, III, Huntsville, for appellant.

Eugene T. Jenson, Anahuac, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

PER CURIAM.

This is an original proceeding for a writ of habeas corpus.

The trial court found the relator in contempt of the child support provisions of a divorce decree dated December 9, 1971, and ordered that he be confined in the County Jail of Chambers County for a period of 30 days and thereafter until he had purged himself by paying $16,450, the amount found as arrearage, plus court costs, including attorney's fees in the amount of $500. Pursuant to the contempt order, the trial court issued an order of commitment dated February 15, 1982, ordering that relator be taken into custody.

In his petition for writ of habeas corpus, the relator contends that the trial court's order of contempt is void for several reasons.

■ First, he argues that the order is void because it does not specify which portions of the divorce decree the relator allegedly violated. This contention is overruled. The order, considered in its entirety, shows that the relator was found to be in violation of the child support provisions of the decree and that the aggregate amount of the arrearage in payments was $16,450.

The relator next contends that the contempt order is void because it imposed jail confinement without identifying the specific conduct for which such punishment was imposed, and because it did not expressly recite that the trial court found that the relator had not made the required child support payments. This contention is also overruled. The record clearly reflects that the contempt order was based solely upon the relator's failure to make the child support payments in accordance with the terms of the divorce decree.

■ The relator also contends that the contempt order is void because the coercive provisions of the order require the payment of attorney's fees as a condition to the relator's release from confinement, and because no prior order of the court required payment of such fees. The trial court was authorized, in fixing the conditions to relator's release, to require payment of a reasonable attorney's fee to respondent. Tex. R.Civ.P. 308–A; *Ex Parte Boyle,* 545 S.W.2d 25 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Ex Parte Helms,* 152 Tex. 480, 259 S.W.2d 184 (1953). This contention is overruled.

■ Further contending that the contempt order is void, the relator asserts that the show cause order issued by the trial court did not give adequate notice of the charges against him and was, in fact, never served upon him in the manner required by law. These contentions must be sustained.

The record reflects that, although the show cause notice makes reference to the respondent's petition for contempt, there is no indication that a copy of the petition was attached to the notice, and the notice does not, in itself, specify in what manner the relator allegedly failed to comply with the divorce decree. Moreover, the record shows that the notice was sent to the relator by certified mail at an address in Oklahoma, and the return receipt was signed by Marie Combs, who was not shown to be the relator's duly authorized agent or attorney of record for service, as required by Tex.R. Civ.P. 21a.

■ A defendant in a contempt proceeding must be given notice of the charges against him and an opportunity to be heard. *Ex Parte Stanford,* 557 S.W.2d 346 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ). The record before this court does not reflect that the petitioner was given adequate notice.

The petition for writ of habeas corpus is granted, and the relator is ordered released from custody.