**Ex parte Joe Glenn GRAY.**

**No. 11–83–173–CV.**

Court of Appeals of Texas, Eastland.

June 30, 1983.

Robert E. McCool, Baird, for appellant.

John Weeks, Burke & Weeks Law Office, Inc., Abilene, for appellee.

DICKENSON, Justice.

In this habeas corpus proceeding the only issue is whether the Motion for Contempt and Order Setting Hearing gave sufficient notice. Relator, Joe Glenn Gray, insists that the notice was not sufficient and that he should be discharged from an illegal confinement. We disagree. He will be remanded to the custody of the sheriff.

The trial court's order of April 28, 1983, reads in full as follows:

The Clerk will issue notice to Respondent, Joe Glenn Gray, to appear, and Respondent is hereby ordered to appear, before this Court on the 26th day of May, 1983, at 9:00 o'clock a.m., at the 42nd District Court, Callahan County Courthouse, Baird, Texas. The purpose of this hearing is *to determine whether Respondent should be held in contempt for disobedience of this Court's order as alleged in the foregoing Motion for Contempt* and whether a reasonable attorney's fee and costs should be assessed against Respondent. (Emphasis added)

The "foregoing Motion for Contempt" alleges in pertinent part that Joe Glenn Gray was ordered to pay child support (for three children) in the amount of $300 per month (with $150 being due on the 1st day and $150 being due on the 15th day of each month) beginning October 1, 1982; that he has failed to make payments as required by the order; and that his arrearage is $1,650 (being the full amount of child support ordered from October 1, 1982, through April 1, 1983). The Motion for Contempt prays:

(T)hat Respondent be held in contempt for disobedience of this Court's order as alleged herein and that punishment be fixed at a fine of not more than $500.00, or *confinement in the county jail for not more than six months,* or both.

Movant prays that Respondent be further confined in the county jail until Respondent complies with the order of the court by paying the arrearages alleged herein, a reasonable attorney's fee, and costs.

The trial court's order of commitment, dated June 10, 1983, recites that both parties and their attorneys were present for the hearing on June 9, 1983 and finds that Respondent failed to make any child support payments from October 1, 1982, through April 1, 1983. That order then provides:

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Respondent is in contempt of the court's order of November 15, 1982 and as punishment for said contempt is ordered confined to the Callahan County Jail for 30 days and to remain thereafter until the Respondent pays to the registry of the Court the sum of $1,650 in arrearage on child support, $59.00 as costs of Court, and $250.00 as reasonable attorney's fees. The Respondent is remanded to the custody of the Sheriff to be punished as aforesaid.

Relator's Petition for Writ of Habeas Corpus was filed with this Court on June 16, 1983, and he was released on bond pending the hearing and decision by this Court. The case was submitted with oral argument by Relator's attorney on June 23, 1983. At that time Relator's attorney told the court: "The only issue is whether the petition (Motion for Contempt) and show cause order (Order Setting Hearing) gave sufficient notice to Relator." There was no issue raised as to: (1) his duty to pay child support as ordered; (2) his failure to pay such child support; or (3) any excuse for such failure to pay.

The fact that the Motion for Contempt referred to the trial court's order of November *12,* 1982 (emphasis added) by stating: "On November *15,* 1982, this court entered an order" (emphasis added) does not make the notice void. The Motion quoted verba-

tim the relevant part of the order of November 12 which Respondent violated by his failure to make the child support payments. The fact that the Show Cause Order (Order Setting Hearing) referred to Respondent's "disobedience of this Court's order *as alleged in the foregoing Motion for Contempt*" (emphasis added) does not make the notice void.

The two cases cited by Relator are factually distinguishable. *Ex parte Stanford,* 557 S.W.2d 346 (Tex.Civ.App.—Houston [1st Dist.] 1977, original proceeding), held that a former husband "was not given proper notice and an opportunity to be heard before he was held in contempt." In our case Relator and his attorney were present at the contempt hearing, and we hold that the Order Setting that hearing (together with the "foregoing Motion for Contempt" attached and referred to therein) gave him sufficient notice to comply with all "due process of law" requirements. *Ex parte Combs,* 638 S.W.2d 540 (Tex.App.—Houston [1st Dist.] 1982, original proceeding), is a case where the notice makes reference to the petition for contempt, but there was no indication that a copy of the petition was attached to the notice. The opposite is true in this case. The Order is on the same page with the former wife's verification of the Motion for Contempt, and the Order specifically refers to the "foregoing" Motion for Contempt.

The Supreme Court recently restated the applicable rule in *Ex parte Barnett,* 600 S.W.2d 252 (Tex.1980), that before an appellate court may order the release of a Relator in a habeas corpus proceeding:

> (T)he trial court's order of commitment must be void, either because it was beyond the power of the court or because it

deprived the relator of his liberty without due process of law. (citations omitted)

Clearly, the trial court has the power to enforce by contempt proceedings its orders requiring the payment of child support by a divorced parent to his or her minor children. We hold that Relator in this case received sufficient notice. He appeared with his attorney at the contempt hearing. There is a written order of commitment and an executed writ of commitment.

The motion and order in this case are sufficient to give the notice required under *Ex parte Gordon,* 584 S.W.2d 686 at 690 (Tex.1979):

> (I)n situations of contempt committed outside the presence of the court, the contempt judgment must be based on a valid show cause order or equivalent legal process that contains full and unambiguous notification of the accusation of contempt.

The order setting hearing, together with the attached motion for contempt, contain "full and unambiguous notification of the accusation of contempt." They clearly show that Relator was accused of failing to pay child support and the amount of his arrearage. They also show that confinement of up to six months in jail was one of the penalties sought.

The Order of Commitment is not void. Relator is remanded to the custody of the Sheriff of Callahan County.