**Ex Parte Mark Ray McNULTY.**

**No. B14–84–505–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 18, 1984.

Walter Mahoney, Jr., Houston, for appellant.

Harrison Gregg, Jr., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Relator, Mark Ray McNulty, was found guilty of contempt of court for his failure to obey the court's order concerning the payment of child support as ordered by the court. Relator was sentenced to 180 days in the Harris County Jail and to pay $500 for attorney fees and costs. Relator raises four points of error. Relator was released from jail on bond pending final determination of this case. We agree with Relator's fourth point of error, and order Relator discharged.

In his first point of error, Relator contends that the child support order which he violated was vague and ambiguous. In his second point of error, he asserts that he had no notice of the allegations against him prior to his constructive contempt trial. Relator contends, in point of error three, that the Order of Commitment is void because it does not specify when and how he violated the court's order or for which violation he is being punished. Finally, in his fourth point of error, Relator argues that the Order of Commitment is void because it sentenced Relator to 180 days in jail, when the court in its Contempt Order dated April 5, 1984, assessed punishment at 30 days. We agree only with Relator's fourth point of error, and grant the writ of habeas corpus.

On September 21, 1983, Debbie Sue McNulty obtained a divorce from Relator. The court appointed Debbie Sue McNulty managing conservator of their only minor child. The court ordered Relator to pay child support to his wife in the amount of $400.00 per month, in two installments of $200.00 each. An installment was due and payable on the 1st and 15th of each month until the child reaches 18 years or is otherwise emancipated. The first payment was due on October 1, 1983. On January 11, 1984, Debbie Sue McNulty filed a Motion for Contempt against the Relator for his failure to pay Child Support as ordered by the court. She alleged Relator's arrearage in child support at that time to be $1,400.00. At the contempt hearing, on April 5, 1984, the court found him guilty of contempt for disobeying the court order of September 21, 1983, by failing to pay child support payments as ordered. The court determined that Relator's arrearage was $1,228.04. The court ordered Relator to be confined in the Harris County Jail for 30 days and to remain there until all child support arrearages, court costs of $43.00, and attorney's fees of $500 were paid in full. The court commitment was withheld and Relator was given a chance to purge himself of the contempt by paying $100.00 per month on the arrearage in two installments with a $50.00 installment due on the 1st and 15th on each month until the arrearage was paid. Relator was ordered to appear on June 14, 1984, to prove that all payments had been paid as ordered or if not, to show cause why he should not be confined as ordered. On June 14, 1984, the court found that Relator had failed to pay the child support payments, court costs, or attorney fees as ordered. The court again found Relator guilty of contempt for failure to make the child support payments as ordered on September 21, 1983, and sentenced him to 180 days confinement in the Harris County Jail and ordered that he be further confined until the amount of $1228.00 for child support arrearage is paid. Relator was also required to pay court costs and attorney's fees of $500.00.

Relator argues in point of error one that the order for child support in the divorce decree is not sufficiently specific to be subject to a finding of contempt. The section of the divorce decree which Relator violated reads:

> IT IS ORDERED that MARK RAY McNULTY pay to DEBBIE SUE McNULTY child support in the amount of $400.00 per month, in two installments per month of $200.00 each, with the first installment being due and payable on the 1st day of October, 1983 and a like installment being due and payable on each 1st and 15th day of the month thereafter until the date Marshil Line McNulty reaches the age of 18 years or is otherwise emancipated.

Relator argues that the order requires payments only for the "month thereafter", that is November, 1983. He alleges that the order lacks the required specificity to be enforceable.

■ The decree must be clear, specific, and unambiguous. *Ex parte Slavin*, 412 S.W.2d 43 (Tex.1967); *Ex parte Carlton*, 443 S.W.2d 61 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ). We find that the order in question is quite clear. The child support payments are due on the 1st and 15th of each month "until Marshil Line McNulty reaches the age of 18 years or is otherwise emancipated", with the first of such installments being due on October 1, 1983. The decree is sufficiently clear and unambiguous.

■ In his second point of error he argues that he was deprived of due process since he had no notice as to the matters involved in his ordered appearance before the court on June 14, 1984. Relator is entitled to notice of charges against him. *Ex parte Combs*, 638 S.W.2d 540 (Tex.App. —Houston [1st Dist.] 1982, no writ). We find that Relator was well advised of the subject matter of the appearance. The contempt order of April 5, 1984, required Relator to appear on June 14, 1984, and prove that all ordered payments have been timely paid or if not to show cause why he should not be confined. Relator acknowledged this by signing the order himself, as did his attorney of record.

In point of error three, Relator contends that the commitment order does not contain specific findings enabling him to be appraised of his alleged act of misconduct.

■ The findings of the court on the contempt commitment, that failure and refusal to pay the child support payments as ordered by the judgment of the court of September 21, 1983, should be obvious from the face of the contempt commitment. The commitment order is unambiguous as to the alleged act of misconduct. The order states that Relator is guilty of contempt of Court in that he has failed and refuses to pay child support as ordered on September 21, 1983, in the amount of $1,228.00.

■ In his last point of error, Relator argues that the Order of Commitment of June 14, 1984, is void because it changes the amount of time Relator must serve as punishment for his contempt. In the Contempt Order of April 5, 1984, Relator was sentenced to 30 days in the Harris County Jail. The Order of Commitment of June 14, 1984, increased the sentence to 180 days. Alleged constructive contemnors are entitled to procedural due process protection. *Ex parte Johnson*, 654 S.W.2d 415 (Tex.1983). The increase in the sentence, without any additional pleadings or hearings, violates due process requirements.

The Order of Commitment is void. The writ of habeas corpus is granted, and we order Relator discharged.