**Ex parte Don Ray DURHAM, Relator.**

**No. 05–85–01384–CV.**

Court of Appeals of Texas,
Dallas.

March 7, 1986.

John C. Turner and Timothy B. Couch, Dallas, for relator.

Before AKIN, DEVANY and STEWART, JJ.

STEWART, Justice.

This is a habeas corpus proceeding under section 22.221(d) of the Texas Government Code, by which relator Don Ray Durham seeks discharge from the custody of the sheriff of Dallas County, Texas. Relator was committed to jail by order of the 255th Judicial District Court which found him in contempt for failure to make child support payments as previously ordered by that court. We released relator on bail pending a hearing in this Court. We hold that the commitment order is void and, therefore, order relator unconditionally released from confinement.

Relator and Annie Mae Durham were divorced on April 12, 1982. On March 7, 1984, relator was held in contempt for failure to pay child support. He was ordered to serve 30 days in county jail as punishment and to be confined thereafter until he paid a $2,969.00 arrearage plus attorney's fees. The commitment was suspended, however, on the conditions that relator continue to pay his regularly scheduled child support obligation of $85.00 per week plus $30.00 per week to be credited toward his arrearage and certain attorney's fees.

Annie filed a motion to revoke suspension of commitment on September 25, 1985. She alleged that relator had failed to comply with the conditions of suspension. Then, on December 9, 1985, the court, find-

ing that relator had contemptuously disobeyed the order suspending commitment, ordered him committed for 60 days in the county jail and thereafter until he paid $2,415.00 in child support plus attorney's fees and a collection fee to the Dallas County Child Support Office.

Relator contends that the punitive portion of the commitment order is void because the court entered an unauthorized penalty by increasing his period of confinement without due process of law from 30 days as set in the order suspending commitment to 60 days in the commitment order. Relator also argues that the coercive portion of the commitment order is void because it does not contain findings setting out specifically and with particularity the conditions of the order suspending commitment which were violated and the times, dates, and places on which relator failed to comply with the conditions. We agree with both of these contentions.

Relator first argues that the commitment order entered an unauthorized penalty of 60 days. The prior order suspending commitment assessed a penalty of 30 days, and the motion to revoke suspension of commitment asked only that suspension of commitment be revoked and that relator be committed to county jail "in accordance with the prior order." Moreover, the order setting hearing on the motion to revoke suspension of commitment stated that the purpose of the hearing was to determine whether relator "should be immediately confined in jail as assessed in such order [the order suspending commitment]."

■ Relator contends, and we agree, that he was ordered to jail for 60 days without proper pleadings and notice that more time might be assessed than the previously ordered 30 days. Therefore, his right to due process of law was violated. Relator was entitled to due process, *Ex parte Johnson*, 654 S.W.2d 415, 420 (Tex. 1983), and the increase in penalty, without any additional pleadings or hearings, violates due process requirements. *Ex parte McNulty*, 678 S.W.2d 745, 747 (Tex.App.—

Houston [14th Dist.] 1984). Accordingly, the punitive portion of the commitment order is void.

■ Relator also argues that the coercive section of the commitment order is void because it does not specifically set out which provisions of the order suspending commitment that he violated or the time, date, and place of each occasion on which he failed to comply with its provisions. Relator relies on section 14.33 of the Texas Family Code [1] which provides in pertinent part as follows:

(a) Contents. An enforcement order shall contain findings setting out specifically and with particularity or incorporating by reference the provisions of the order, decree, or judgment for which enforcement was sought, and the time, date, and place of each and any occasion on which the respondent failed to comply with such provision, and setting out the relief awarded by the court.

The motion to revoke suspension of commitment complies with the requirements of section 14.31(b)(1) of the Texas Family Code. However, the commitment order is a form order more appropriate for commitment upon a finding of contempt after hearing an original motion for contempt than for a revocation of suspension as we have in this case. In the commitment order, the court finds that relator contemptuously disobeyed the prior order suspending commitment by failing to make periodic payments of child support ordered and that relator is now in arrears in the amount of $2,415.00. The commitment order does not set out or incorporate by reference the particular provisions of the order suspending commitment that relator allegedly violated or the times, dates, and places of the occasions on which relator failed to comply with the terms of suspension.

The purpose of this commitment order is to enforce the punishment provisions imposed by the original order holding relator in contempt. Consequently, we hold that

1. All references hereinafter are to TEX.FAM.    CODE ANN. (Vernon Supp.1986).

this commitment order is an "enforcement order" under section 14.33. Because the order does not meet the requirements of that section, we hold that the coercive portion of the order is also void.

In view of our holding, we need not address relator's other points. Since both portions of the commitment order are void, we order relator discharged. *Cf. Ex parte Ramzy*, 424 S.W.2d 220, 226 (Tex.1968) (only parts of commitment order held to be void).