Ex parte James A. STANLEY, Relator.

No. 05–91–02087–CV.

Court of Appeals of Texas,
Dallas.

March 11, 1992.

John C. Turner, Dallas, for appellant.

Daniel P. Garrigan, Dallas, for appellee.

Before BAKER, THOMAS and ROSENBERG, JJ.

OPINION

BAKER, Justice.

The trial court found relator James A. Stanley in contempt for failing to pay child support required by a divorce decree. He seeks relief on writ of habeas corpus from an order requiring him to report to a work release officer. We grant the writ. We order Stanley discharged from any restraint imposed upon his liberty by the trial court's contempt judgment.

On December 22, 1976, the trial court granted a divorce to Stanley and Sharon Stanley McLaughlin. The divorce decree ordered Stanley to make periodic payments of child support. In July 1990, after Stanley had not made nearly a decade's worth of payments, McLaughlin filed a motion to have him held in contempt. The motion recited that the divorce decree for which McLaughlin sought enforcement was in the court minutes at volume 289, page 15. The trial court conducted a hearing and, on October 15, 1990, signed an order holding Stanley in contempt. However, that order incorrectly references the divorce decree as appearing in the court minutes at volume 287, page 15. The order does not otherwise specify the provisions of the divorce decree McLaughlin sought to enforce.

An enforcement order shall contain findings setting out in ordinary and concise language the provisions of the final order, decree, or judgment a party seeks to enforce. TEX.FAM.CODE ANN. § 14.33(a) (Vernon Supp.1992). The enforcement order may do so by: (1) copying in their

entirety the provisions for which enforcement was sought; (2) attaching a copy of the order for which enforcement was sought as an exhibit and incorporating it by reference; or (3) giving the volume and page numbers in the minutes of the court where one can find the order for which enforcement was sought. *See Ex parte Conoly*, 732 S.W.2d 695, 697 (Tex.App.—Dallas 1987, orig. proceeding). The punitive portion of an enforcement order that does not comply with the statutory requirements of section 14.33(a) of the Texas Family Code is void. *See Ex parte Durham*, 708 S.W.2d 536, 537–38 (Tex.App.—Dallas 1986, orig. proceeding).

■ The least preferable method to attempt to comply with section 14.33(a) is solely by reference to the volume and page of the court minutes where the order can be found. That method requires a contemnor to look beyond the face of the enforcement order itself to determine what provisions of the earlier order he violated. Although the enforcement order in this case referred to volume 287 when volume 289 was intended, the enforcement order does not contain the requisite findings about the order for which enforcement was sought.

■ The error presumably was typographical. Typographical errors do not necessarily invalidate contempt orders. *Cf. Ex parte Benitez*, 590 S.W.2d 704, 707 (Tex.1979). When one seeking enforcement of an earlier court order chooses to draft a contempt order referencing the earlier order solely by volume and page of the court's minutes, we hold that strict compliance with section 14.33(a) requires that both the volume number and the page number be accurate. Perhaps if the contempt order also had spelled out the provisions of the original divorce decree that Stanley had violated, a typographical error in the volume number could be disregarded as surplusage. But because McLaughlin identified the divorce decree sought to be enforced solely by volume and page numbers, the error in the volume number is fatal to the contempt order.

■ The dissent suggests this Court should abate this habeas proceeding to permit the trial court to hold a hearing for the sole purpose of determining the correct volume and number in the court minutes where the order may be found. First, no one before this Court has requested this relief. Second, the dissent does not cite any authority for abatement of a habeas corpus proceeding to correct a clerical error, and we have found none. Third and most importantly, because the contempt order does not comply with section 14.33(a) of the Texas Family Code, the punitive portion of the order is void. *Ex parte Durham*, 708 S.W.2d at 537–38. It is void from its inception. To permit an abatement to correct a supposed clerical error in a case such as this would be to permit resurrection of a commitment order that was a nullity from its inception.

We grant Stanley a writ of habeas corpus and order him discharged from any restraint imposed upon his liberty by the trial court's October 15, 1990 order holding him in contempt.

THOMAS, Justice, concurring in part and dissenting in part.

I concur with the majority's holding that a contempt order referencing the earlier order solely by volume and page of the court's minutes must reference both the volume number and the page number accurately, to comply with section 14.33(a) of the Texas Family Code as now in effect.

I write, however, to express my concern that such a technical failure to comply with section 14.33(a) can defeat a custodial parent's ability to effectively enforce child support payments. Moreover, I see no reason why we should not direct the trial court to correct what the majority characterizes as an error "presumably typographical." See page 773. To the extent that the majority simply permits the typographical error to stand, I respectfully dissent.

A motion to enforce a child support order must give a respondent to the motion notice of the provisions of the final order, decree, or judgment sought to be enforced. TEX.FAM.CODE ANN. § 14.311(a) (Vernon

Supp.1992). A motion for contempt must allege the portion of the order allegedly violated. TEX.FAM.CODE ANN. § 14.312 (Vernon Supp.1992). The purpose of these sections is to provide a respondent in a contempt proceeding with proper notice of the allegations of contempt for which he must prepare a defense at the hearing on the motion. *Cf. Ex parte Conoly*, 732 S.W.2d 695, 698 (Tex.App.—Dallas 1987, orig. proceeding) (construing predecessor statute). As the majority observes, Sharon McLaughlin's motion identified the divorce decree for which McLaughlin sought enforcement as being in the court minutes at volume 289, page 15. This reference to the court minutes was sufficient to give relator James Stanley proper notice to enable him to prepare a defense.

I acknowledge that section 14.33(a) of the Texas Family Code requires an enforcement *order* to contain the provisions of the final order, decree, or judgment for which enforcement was sought, in addition to the *motion's* containing the same provisions. TEX.FAM.CODE ANN. § 14.33(a) (Vernon Supp.1992). We have held, as the majority notes, that an enforcement order that does not comply with the statutory requirements of section 14.33(a) is void. *See Ex parte Durham*, 708 S.W.2d 536, 537–38 (Tex. App.—Dallas 1986, orig. proceeding). Yet due process does not mandate that the enforcement order contain the provisions of the order sought to be enforced. Due process requirements are satisfied if the motion for contempt contains the requisite information concerning the provisions for which enforcement is sought. The enforcement order is signed after the contempt hearing, when whatever defense the contemnor might have urged has been presented.

The purpose of an enforcement order is to notify the contemnor of how he has violated the provisions for which enforcement is sought and how he can purge himself of contempt, to notify the sheriff accordingly so that he may do his duty, and to provide sufficient information for adequate review. *Conoly*, 732 S.W.2d at 697. That purpose is not served by requiring the enforcement order to contain information already provided by the motion for contempt. A relator bringing a habeas corpus proceeding must accompany his petition with a certified copy of the motion for contempt. *See* TEX.R.APP.P. 120(b)(7). Therefore, the motion for contempt and the enforcement order together provide sufficient information for adequate review, without the order's having to repeat what the motion already contains.

In this case, McLaughlin's motion contained the correct volume and page numbers in the court's minutes where the order for which enforcement was sought could be found. In my view, the incorrect volume number in the enforcement order is actually surplusage when we look at the entire record of the contempt proceeding. To impose requirements that do not serve a useful purpose merely increases the chances, as here, that one seeking to enforce child support payments by contempt will make a technical mistake vitiating the entire process.

Stanley does not complain that McLaughlin's *motion* provided insufficient notice that kept him from urging a defense to the allegations of contempt. His argument is not that he was deprived of due process; it is merely that, despite the notice that McLaughlin's motion provided him, the enforcement *order* did not comply with section 14.33(a). Thus, because McLaughlin evidently made a typographical error in failing to repeat exactly the same volume and page numbers already contained in her motion, we are constrained to follow precedent and declare the enforcement order void. Confinement for contempt is a severe remedy, and an alleged contemnor must be afforded every protection of due process. But I seriously question whether the Texas Legislature ever intended to impose upon a parent seeking to enforce child support payments a requirement that serves no purpose other than to provide one more pitfall that the parent must avoid.

There remains only the disposition of this proceeding that I would reach. A trial court can take judicial notice of records of its own court in a case concerning the same subject matter and between the same or

practically the same parties. *National County Mutual Fire Insurance Company v. Hood*, 693 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1985, no writ). Although the majority presumes (as do I) that the correct volume number of the court minutes containing the order for which McLaughlin sought enforcement is volume 289 and not 287, the trial court can readily resort to its own minutes to determine that 289 is in fact the correct volume number. Clerical errors may be corrected at any time, even outside the period of the trial court's plenary jurisdiction. *See* Tex. R.Civ.P. 316 & 329b(f). Errors are deemed clerical in nature if they do not come about as the product of judicial reasoning. *Smith v. State*, 801 S.W.2d 629, 632 (Tex. App.—Dallas 1991, pet. ref'd) (discussing the teachings of both criminal and civil cases in correcting clerical errors in a judgment). Implicit in the holdings permitting the correction of clerical errors is the determination that the order or judgment resulting from the clerical error was never effective because it did not speak the truth and it did not correctly reflect the order or judgment actually rendered by the court. *Smith*, 801 S.W.2d at 633. If the reference to volume 287 is merely a typographical error, it should be easy enough for the trial court to correct it by signing an enforcement order nunc pro tunc after a glance at its own records.

Although the decision regarding the clerical or judicial nature of any error is a question of law, the record before this Court is not clear that a typographical error did in fact occur. This Court may not make fact determinations. *Smith*, 801 S.W.2d at 633. Thus, we should refer this proceeding to the trial court [1] for a hearing for the sole purpose of determining the correct volume number in the court minutes where the order for which McLaughlin sought enforcement may be found. If it is determined that the correct volume number is 289, then the trial court should correct the erroneous enforcement order so that the record speaks the truth. *See Smith*, 801 S.W.2d at 633. Until we obtain a record from that hearing in the trial court, conclusively establishing the correct volume number of the court minutes, we should abate this habeas corpus proceeding. *See Smith*, 801 S.W.2d at 633.

To the extent that the majority concludes that the trial court's enforcement order did not sufficiently comply with section 14.-33(a) of the Texas Family Code, I concur with its opinion. I respectfully suggest, however, that the Texas Legislature reexamine the requirements imposed by section 14.33(a) to determine whether they actually enhance the safeguarding of an alleged contemnor's due process rights or whether they merely burden unduly and unnecessarily a custodial parent's efforts to obtain child support payments. I dissent from the majority's opinion, in that I would refer the matter to the trial court to correct what might well be no more than a clerical error and make the record speak the truth.

---

1. Stanley's petition for writ of habeas corpus makes other arguments not addressed in the majority's opinion; accordingly, I do not reach them either. I note, however, that a referral to the trial court would not be necessary if this Court sustained one of Stanley's other arguments and discharged him from custody on a ground independent of the mistaken volume number of the court's minutes.