**Ex parte Charles Vincent SKERO, Relator.**

No. 01–93–01001–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 28, 1994.

Gary W. Chaney, Houston, for appellant.

Emmett Moore, Houston, for appellees.

Before DUGGAN, DUNN and ANDELL, JJ.

## OPINION

DUGGAN, Justice.

The trial court found relator, Charles Vincent Skero, in contempt for failure to pay child support, and ordered him confined for 90 days and thereafter until he paid an arrearage of $5,429.80, costs of court, and $900 in attorney's fees. We released relator on bond pending a resolution of this habeas corpus proceeding.

On September 7, 1993, the master of the 245th District Court heard the motion for contempt filed by relator's ex-wife, Patricia (Skero) Heinecke. Before the hearing, relator told the master he was not ready to proceed because he did not have an attorney. The master asked relator if he was working at all. When the relator responded affirmatively, the master then stated, "I'm going to overrule your motion." Presumably, the master interpreted relator's comment that he was unprepared to go forward with the contempt hearing because he lacked counsel, as a motion for postponement or continuance. At the conclusion of the hearing, the master found relator in contempt and ordered him incarcerated for 10 days and thereafter until he paid an arrearage of $2,850, plus $1,000 of a previous arrearage, interest, and attorney's fees. The master reset the proceedings for entry and execution of the judgment before Judge Schuble on September 29.

Shortly before the September 29 hearing, relator retained counsel for the limited purpose of asking for a new hearing. The docket sheet entry for September 29 shows "N/T on indigency granted." Presumably, the entry referred to the master's ruling of September 7, and set aside the master's finding that relator was not entitled to an attorney to represent him in defending himself against his ex-wife's contempt action. On October 4, 1993, Judge Schuble held a hearing to determine relator's indigency; relator's counsel was present with him at the hearing. At the conclusion of that hearing, Judge Schuble found relator was not indigent, reset the proceedings for a contempt hearing on October 12, and informed relator that he was going to have to hire a lawyer or represent himself at the contempt hearing.

Following the hearing of October 12, 1993, Judge Schuble signed an "Order of Commitment," finding relator in contempt of the court's prior divorce decree for failure to pay child support and ordering relator incarcerated for 90 days and thereafter until he paid $5,429.80 child support arrearage, costs of court, and attorney's fees. On October 19, Judge Schuble signed an "Order Holding Respondent in Contempt For Failure To Pay Child Support, Granting Judgment, and For

Commitment To County Jail." The October 19 order contains provisions similar to the October 12 "Order of Commitment."

In his first ground in support of a writ of habeas corpus, relator asserts the trial court is illegally restraining him because the master denied him due process of law by not informing him of his right to counsel at the time of the September 7, 1993 hearing.

Section 14.32(f) of the Texas Family Code (Vernon Supp.1993) provides in pertinent part: "If incarceration is possible, the court shall inform a respondent who is not represented by an attorney of his right to be represented and his right to an appointment of an attorney if he is indigent."

At the September 29 indigency hearing, the trial judge found that relator was not indigent, set the contempt hearing for October 12, and told relator, "You are going to have to hire yourself a lawyer or represent yourself." Since relator *was* represented by an attorney at the hearing, the judge was under no duty to admonish relator any further. Sec. 14.32(f). Nevertheless, the judge told relator to hire an attorney or represent himself at the upcoming October 19 hearing. At this point, relator had received all the notice of his rights as to representation to which he was entitled under the statute.

The hearing before the trial judge on October 12, not the September 7 hearing before the master, culminated in relator's incarceration. Relator has not provided us with a statement of facts from the October 12th hearing; having failed to do so, he has failed to carry his burden of proof to show, under his first ground for relief, that he is held under a void judgment. *Ex parte Linder*, 783 S.W.2d 754, 760 (Tex.App.—Dallas 1990, orig. proceeding).

In his second ground for release from custody, relator asserts the trial court denied him his due process rights when, without any additional pleadings or hearings, it increased his sentence from 10 to 90 days.

Section 54.011 of the Texas Government Code (Vernon 1988) provides:

After the master's report is filed, and unless the parties have filed a written notice of appeal to the referring court, the referring court may adopt, approve, or reject the master's report. . . .

Under section 54.011, the trial court was free to accept or reject the master's determination of what the terms of relator's commitment would be. In this case, the trial court acted within its statutory discretion, rejected the master's determination of the amount of relator's incarceration for his contempt, and arrived at the Court's own determination. Relator cites three cases on this point. Each is distinguishable in that in none of them was the original punishment announced by a master. *Ex parte Balderas*, 804 S.W.2d 261, 264 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding); *Ex parte Durham*, 708 S.W.2d 536, 537 (Tex.App.—Dallas 1986, orig. proceeding); *Ex parte McNulty*, 678 S.W.2d 745, 747 (Tex.App.—Houston [14th Dist.] 1984, orig. proceeding).

Relator's second ground for discharge from custody is overruled.

We deny relator habeas corpus relief and order him remanded to the custody of the Sheriff of Harris County to complete the terms of the order of commitment dated October 19, 1993, signed by the judge of the 245th District Court of Harris County, Texas, in cause number 1,153,252.