Affirmed and Majority and Concurring Opinions filed October 10, 2006








Affirmed
and Majority and Concurring Opinions filed October 10, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00983-CV

____________

 

RONNIE VEE HEBISON AND DAN HENNIGAN, Appellants

 

V.

 

CLEAR CREEK INDEPENDENT SCHOOL
DISTRICT, HARRIS COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT, PORT OF HOUSTON OF
HARRIS COUNTY AUTHORITY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY
HOSPITAL DISTRICT, AND CITY OF NASSAU BAY, Appellees

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No. 02-33289

 



 

C O N C U R R I N G   O P I N I O N

The court correctly overrules the appellants= legal-sufficiency
issues based on the absence of a record from the July 15, 2004 bench trial (the
ABench Trial@).  While the
majority=s judgment is
correct, much of its analysis is unnecessary to the disposition of this appeal.








The parties appealed some, but not all, of the issues that
were the subject of the master=s report.  As to the appealed issues, the
trial court had a duty to conduct a de novo hearing.  The scope of the appeals
was limited to the issues specified in the notices of appeal, and the trial
court had no obligation to address the issues that were not appealed. 
Nonetheless, the trial court still had the discretion to hear evidence
regarding the unappealed issues and to render a different judgment regarding
these issues than that recommended by the master.  

The trial court sent notice to all parties, including the
appellants, that the entire case was set for trial for the two-week period
beginning July 12, 2004.  The notice did not state that the hearing was limited
to the issues specified in the appeals from the master=s report.  By not
seeing to it that a record was made of the Bench Trial, the appellants
subjected themselves to the presumption that the proceedings and evidence from
the Bench Trial are relevant to the appellants= issues and
support the trial court=s judgment.  See, e.g., Hiroms
v. Scheffey, 76 S.W.3d 486, 489 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (holding appellate court could not address merits of
alleged charge error because appellate record did not contain complete record
of trial proceedings).  Accordingly, the court correctly affirms the trial
court=s judgment based
on the absence of a record from the Bench Trial.

The majority indicates in several places that appellant Dan
Hennigan=s notice of appeal
was sufficient to appeal all of the issues encompassed by the master=s report.  See
ante at pp. 2, 4, 6.  Though Hennigan=s notice of appeal
may have been sufficient to appeal all of the master=s recommendations
as to Hennigan, it was not sufficient to require the trial court to hear an
appeal regarding appellant Ronnie Lee Hebison=s liability. 
Nonetheless, this court need not address the issue of the scope of the appeals
by Hennigan and Clear Creek Independent School District because, without a
record of the Bench Trial, we must presume the omitted record supports the
trial court=s judgment. 








Appellants Hebison and Hennigan (hereinafter collectively
the ATaxpayers@) argue that, even
though no record was made of the Bench Trial, they still may assert legal-sufficiency
issues challenging the trial court=s September 14,
2004 judgment[1]
following the Bench Trial.  The Taxpayers claim that this court should evaluate
these sufficiency challenges based on the reporter=s record from the
master=s hearing on
February 13, 2004 because the issues they raise were not within the scope of
the appeals and therefore could not have been addressed during the Bench
Trial.  In support of this argument, the Taxpayers cite section 33.74 of the
Tax Code and correctly note that (1) appeals from the master=s report are
limited to the issues specified in the notices of appeal and (2) the notices of
appeal did not challenge every issue that was before the master.  See Tex. Tax Code ' 33.74 (Vernon
2001).  In some instances, no party may appeal from the master=s report.  In other
cases, the parties may challenge every issue addressed in the master=s report in their
notices of appeal.  The instant case involves a different situationCthe parties
appealed some, but not all, of the issues before the master.  








Section 33.74, however, does not limit the referring court=s discretion to
hear evidence regarding the unappealed issues and to render a different
judgment regarding these issues than that recommended by the master.  See id;
see also Ex parte Skero, 875 S.W.2d 44, 46 (Tex. App.CHouston [1st
Dist.] 1994, orig. proceeding).  As the majority notes, the associate-judge
statute in the Family Code is substantially similar to the statute at issue.  See
ante at p.5.  In a case dealing with the predecessor statute to the
associate-judge statute currently found in the Family Code, the First Court of
Appeals held that the referring court had discretion to accept or reject the
master=s recommendations
and to hold a hearing as to whether it would do so.  See Ex parte Skero,
875 S.W.2d at 45B46.  The Skero court held that,
because the trial court, after holding a hearing, rendered a judgment different
from the master=s recommendations, the appellate court
could not sustain any challenge to that judgment without a record from the
trial court hearing.  See id. at 46.  Because the appellate record in Skero
did not contain a record of the hearing before the trial court, the Skero
court held that it could not sustain the challenges asserted against that
judgment.  See id.  

The Skero court=s analysis is
persuasive.  While the trial court in the instant case had an obligation to
conduct a de novo hearing and to rule on whatever issues were within the scope
of the appeals, it also had the discretion to hear evidence regarding the
unappealed issues and to render a different judgment regarding these issues
than that recommended by the master.  See id.  

Though our record does not reflect what occurred at the
Bench Trial, it does contain the notices of the trial setting sent to the
Taxpayers.  These notices do not refer to the appeals from the master=s report; rather,
they give notice that the entire case is set for trial.  In the absence of a
reporter=s record from the
Bench Trial, this court must presume that the omitted proceedings are relevant
to and support the trial
court=s judgment.  See Hiroms, 76
S.W.3d at 489.  Therefore, this court must presume that (1) the trial court
exercised its discretion to hear evidence regarding all of the issues, whether
appealed or not, and (2) the trial court heard evidence that is legally
sufficient to support its judgment.  See id.  

Despite receiving notice of the trial setting, the
Taxpayers did not take the necessary steps to see that a record was made of the
Bench Trial.  Accordingly, this court must apply the common-law presumption for
cases in which there is no record of the trial, and overrule the Taxpayers= issues.  See
Ex parte Skero, 875 S.W.2d at 45B46. 








The court correctly concludes that the
trial court had the ability to hear evidence beyond the scope of the appeals
and that a referring court can depart from the master=s recommendations,
even recommendations that are not appealed to the referring court.  See ante
at p. 9.  Based on these conclusions, it is unnecessary to address several of
the issues discussed in the majority opinion.[2] 
Because the court reaches the right result, for the reasons noted, I
respectfully concur in the court=s judgment.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Judgment rendered and Majority and
Concurring Opinions filed October 10, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore. (Hudson, J., majority)









[1]  The majority correctly concludes that the reference
in the trial court=s judgment to the date of the master=s hearing is a clerical error.





[2]  The court need not address the following issues:

$                   
Do the issues specified in the
notices of appeal cover all of the issues that were before the master? See
ante at pp. 2,4,6.

$                   
Does Hennigan=s notice of appeal require the trial court to conduct
a full trial de novo of all issues?  See ante at p. 4, 9.

$                   
May a party appeal some, but not
all, of the issues contained in a master=s
report and still appeal the unchallenged issues to the court of appeals after
the trial court renders final judgment?  See ante at p. 4.

$                   
In a case in which a party appeals
from an associate judge=s recommendations in a family law case, may the
referring court hear evidence only as to the issues specified in the appeal?  See
ante at p. 5.

$                   
Will an appellate court ever need
to review the reporter=s record from a master=s hearing in cases in which a party challenges the master=s report by appeal to the referring court?  See
ante at p. 5.

$                   
By challenging some but not all of
the issues by appeal to the referring court, does a party waive its right to
appeal the unchallenged issues to the court of appeals?  See ante at p.
6.

$                   
What does Ashall@ mean as used
in section 33.74(c)?  See ante at pp. 6B7.

$                   
What is the legislative history
regarding the master statute in the Family Code?  See ante at pp. 8B9.