Opinion issued May
18, 2011

 

 



 

 

 

 

 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00992-CV

____________

 








IN RE KENDRICK EARL EDWARDS, Relator

 

 

Original Proceeding on Petition for Writ
of Habeas Corpus

 

 



MEMORANDUM
OPINION

Relator, Kendrick Earl Edwards, has filed a petition for writ of habeas
corpus, challenging the trial court’s November 11, 2010 order holding him in
criminal and civil contempt for failing to pay child support and commanding
that he be confined to jail for 180 days, to be served concurrently, for each of 90 violations of an
underlying child support order[1]
and that he be confined thereafter
until he paid a child-support arrearage of $47,400.13, attorney’s fees of
$8,500, and other costs.  In five issues,
Edwards contends that (1) “[t]he face of the trial court’s order of
contempt and commitment does not affirmatively state that” it had jurisdiction
over Edwards or over the minor child made the subject of the support order; (2)
the trial court lacked jurisdiction over the minor child who had not been a
resident of Harris County for at least six months; (3) the child support order
is neither attached to the contempt order nor incorporated therein by
reference; (4) there is no evidence of an arrearage from any agency responsible
for collection of child support; and (5) the criminal contempt portion of the
order fails to specify the number of days the concurrent sentences are to be
served.  

We previously
ordered that Edwards be released on bond, pending the outcome of this
proceeding, and we now grant habeas relief.

Background

In the underlying proceeding, real
party in interest, Jenny Itam, moved the trial court for enforcement of a child
support order and to hold Edwards in contempt.  Itam alleged that the trial court, in its 2002
divorce decree, had ordered Edwards to pay child support, beginning June 8,
2003, in the amount of $500 per month and that Edwards, on 86 occasions, had failed
to pay support as ordered.  Itam asked
the trial court to hold Edwards in contempt, incarcerate him for 180 days, to
be served consecutively, for each of the alleged occasions, and fine him $500
for each occasion.  Itam also sought $43,000
in arrearages and $9,130.17 in interest, attorney’s fees, and costs.  

Edwards denied the allegations and asserted
that he was not in arrears as alleged.

On November 11, 2010, the trial court
held a hearing on Itam’s motion to enforce and found that Edwards, from June 8,
2003 to November 8, 2010, had failed to pay child support in the amount of $500
per month.  The court held that each of
90 failures to pay constituted a separate act of contempt, and it ordered that Edwards
be confined for 180 days for each act, with the periods of confinement to run
concurrently.  Additionally, for civil-coercive
measure, the trial court ordered that, upon serving his sentence for criminal
contempt, Edwards was to remain confined until he purged himself of contempt by
paying $47,400.13[2] in
child support, $8,500 in attorney’s fees, and $63.00 in costs.

 

 

Standard of Review

Texas courts of appeals have very
limited jurisdiction over habeas corpus proceedings.  See Tex. Gov’t Code Ann. § 22.221(d)
(Vernon 2004).  The purpose of a habeas
corpus proceeding is not to determine the ultimate guilt or innocence of the
relator, but only to ascertain whether the relator has been unlawfully confined.
 Ex
parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979); In re Munks, 263 S.W.3d 270, 272 (Tex. App.—Houston [1st Dist.]
2007, orig. proceeding).  A writ of
habeas corpus will issue if a trial court’s contempt order is void because it
was beyond the court’s power to issue or if the court did not afford the
relator due process of law.  In re Henry, 154 S.W.3d 594, 596 (Tex.
2005).  The relator bears the burden to
show that a contempt order is void and not merely voidable.  Munks,
263 S.W.3d at 272–73.  Until the relator
has discharged his burden of showing his entitlement to relief, the contempt
order is presumed valid.  In re Parr, 199 S.W.3d 457, 460 (Tex.
App.—Houston [1st Dist.] 2006, orig. proceeding).  On review, we do not weigh the proof and determine whether it
preponderates for or against the relator; we determine only whether the
contempt order is void. Ex parte Chambers,
898 S.W.2d 257, 259–60 (Tex. 1995).  

 

 

Trial Court’s Jurisdiction

In his first and second issues,
Edwards argues that the contempt order is void because (1) it, on its face, “does
not affirmatively state that” the trial court had jurisdiction over Edwards or
over the minor child made the subject of the support order and (2) the trial
court lacked jurisdiction over the minor child who had not resided in Harris
County for at least six months.

A trial court’s judgment is void if
it is apparent that the court lacked jurisdiction over the parties.  Saudi
v. Brieven, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet.
denied).  

In response to Edwards’s first point,
we note that our review of the contempt order reveals that it expressly states,
“THE COURT FINDS that . . . it has jurisdiction over the parties and the
subject matter of this suit.”  

In response to his second point, Edwards
asserts that “[t]he trial court order does not affirmatively show” that the
trial court “properly acquired” personal jurisdiction over him or over the
minor child.  Recitals in judgments are
presumed to be correct, but this presumption is rebuttable.  Alcantar
v. Okla. Nat’l Bank, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no
pet.).  Edwards argues that here the
presumption is rebutted because the jurisdiction of the trial court depended on
the child having lived in Harris County for six months or longer.  See Tex. Fam. Code Ann. § 155.201(b) (Vernon 2008).  Edwards directs us to Itam’s motion for
enforcement, which had been filed in Fort Bend County on August 10, 2010, prior
to the transfer of the underlying case to Harris County, and to the trial
court’s contempt order, rendered in Harris County on November 10, 2010.  Edwards argues that, because less than six
months had elapsed between these events, this demonstrates that the child had
not lived in Harris County for the requisite six-month period and that the
trial court lacked jurisdiction to render its contempt order.  

The Texas Family Code vests continuing,
exclusive jurisdiction in a trial court that renders a final order in connection
with a child. Tex. Fam. Code Ann.
§ 155.001(a) (Vernon 2008).  That
court retains jurisdiction to enforce its order, including the power to hold a
non-complying party in contempt.  Tex. Fam. Code Ann. § 157.005(a), (b)
(Vernon Supp. 2010); see In re W.J.S., 35 S.W.3d 274, 276–77
(Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).  And, a court, on the timely filed motion of a
party, must transfer a proceeding to another county in the state if the child
has resided in the other county for six months or longer.  Tex.
Fam. Code Ann. § 155.201(b).  

Here, it is undisputed that the 378th
District Court of Fort Bend County had continuing, exclusive jurisdiction when
Itam first filed her motions for enforcement, to modify, and to transfer.  See Tex. Fam. Code Ann.
§ 155.001(a).  In her motion to
transfer, Itam asserted that the child had been living in Harris County for six
months.  See Tex. Fam. Code Ann.
§ 155.201(b).  After a hearing, the Fort Bend district court
granted the transfer.  See id. 
And, jurisdiction of the Fort Bend district court terminated on the
docketing of the case in the Harris County district court.  See
Tex. Fam. Code Ann. § 155.005.  

Because Edwards has not demonstrated that
the trial court’s contempt order is void for lack of jurisdiction, we hold that
he has not shown that he is entitled to habeas relief on this ground.  See In re Turner, 177 S.W.3d 284, 288 (Tex. App.—Houston [1st Dist.] 2005,
orig. proceeding) (stating that, in habeas proceeding, relator bears burden to
present record showing entitlement to relief).

We overrule Edwards’s first and
second issues.

The Contempt Order

In his third issue, Edwards argues
that the contempt order is void because it does not set forth or incorporate by
reference the provisions of the underlying trial court order that he had allegedly
violated.  

The purpose of a contempt order is to
notify the contemnor of how he has violated the provisions of the order for
which enforcement is sought and to provide sufficient information for adequate
review.  Ex parte Conoly, 732 S.W.2d 695, 697 (Tex. App.—Dallas 1987, orig.
proceeding).  The order “must contain
specific findings so that the contemnor will be fully apprised of his alleged
act of misconduct so that he may overcome by proof, if any is available, the
presumption of the validity of the order.” 
Id.  A contempt order is insufficient if its
interpretation requires inferences or conclusions about which reasonable
persons might differ. In re Houston,
92 S.W.3d 870, 877 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding).

An enforcement order must include:

(1)     in
ordinary and concise language the provisions of the order for which enforcement
was requested;

(2)     the acts
or omissions that are the subject of the order;

(3)     the
manner of the respondent’s noncompliance; and

(4)     the
relief granted by the court.

 

Tex. Fam. Code
Ann. § 157.166(a) (Vernon
2008).   In addition, when the order imposes
incarceration or a fine for criminal
contempt, it “must contain findings identifying, setting out, or
incorporating by reference” the provisions of the underlying order for which
enforcement was requested and the date of each occasion when the respondent’s
failure to comply with the order constituted criminal contempt.  Id.
§ 157.166(b).  Further, when the
order imposes incarceration for civil contempt, it must state the specific conditions
on which the respondent may be released from confinement.  Id. §
157.166(c).   

Because Edwards has not yet completed
his confinement for criminal contempt, we first address those issues that
affect that portion of the enforcement order.  See Ex parte Occhipenti, 796 S.W.2d 805, 810
(Tex. App.—Houston [1st Dist.] 1990, orig. proceeding) (stating that challenges
to civil contempt portion of order are premature when contemnor has not
completed serving sentence for criminal contempt).  

A criminal contempt order satisfies section
157.166(b) if it (1) contains the volume and page numbers in the minutes of the
court in which the underlying order can be found; (2) contains a copy of the underlying
order for which enforcement is sought as an exhibit and incorporates it by
reference; or (3) contains a copy in its entirety of the provisions of the
order for which enforcement is sought. In
re Levingston, 996 S.W.2d 936, 938–39 (Tex. App.—Houston [14th Dist.] 1999,
orig. proceeding) (citing Ex parte
Stanley, 826 S.W.2d 772, 772–73 (Tex. App.—Dallas 1992, orig. proceeding)).


Here, the trial court’s order
states:  “THE COURT FINDS that: . . . on
November 11, 2010 [sic],[3]
[Edwards] was ordered to make periodic payments of child support, which order
appears of record at Volume ___, starting at Page ___, of the minutes of this
Court; . . . .”  The trial court did not
specify the volume and page numbers in the minutes of the court in which the
support order could be found.  See id.

The trial court neither attached, as an exhibit, a copy of the underlying
child support order of which
enforcement was sought, nor incorporated the order by reference into the
contempt order.  See id.  Rather, attached to
the contempt order and incorporated by reference is “Exhibit A,” an excerpt of Itam’s
motion for enforcement in which she recited “examples” of Edwards’s alleged
failure to comply with the underlying child support order.  Although it appears that Itam also copied
portions of provisions into her motion, the provisions are crossed out.  Hence, the trial court did not copy in their
entirety the provisions of the order for which enforcement was sought.  See id.

In sum, the contempt order in this
case does not contain any of the provisions of the underlying child support order,
and it does not comply with the requirements of the Family Code.  See Tex. Fam. Code Ann. 157.166(a) (requiring that order include “the provisions
of the order for which enforcement was requested”); § 157.166(b)
(requiring, in part, to support punitive measures, that order contain findings
setting out or incorporating by reference the provisions of the underlying order
for which enforcement was requested).  Because
the order fails to comply with section 157.166, subsections (a) or (b), the
punitive portion of the order is void.  See Tex.
Fam. Code Ann. § 157.166(a), (b); Stanley,
826 S.W.2d at 773.  And, because the
order fails to comply with the statutory requirements in section 157.166,
subsection (a), the coercive portion of the order is also void. See
Tex. Fam. Code Ann. 157.166(a); Levingston,
996 S.W.2d at 939.

Accordingly, we sustain Edwards’s
third issue.

          Having
concluded that the contempt order is void, we need not reach Edwards’s fourth
and fifth issues.  

Conclusion

We grant Edwards’s petition for a writ
of habeas corpus and vacate the trial court’s order holding him in contempt and
ordering that he be incarcerated.  We
further order that Edwards be discharged from custody and that the bond for his
appearance before this court be dismissed. 

PER CURIAM

 

Panel consists of Justices Jennings, Alcala, and Sharp.











[1]
          The
underlying proceeding is Edwards v. Itam,
No. 2010-56770 in the 309th District Court of Harris County, Texas.





[2]
              The
trial court’s order states that the amount of $47,400.13 is based on an
arrearage of $45,000, plus interest in the amount of $9,150.27, less a credit
in favor of Edwards of $6,500, plus interest of $250.14.  





[3]
              Edwards
could not have been ordered to make periodic payments of child support on
“November 11, 2010” because the contempt order itself, which was rendered for
failure to make payments as ordered, was signed on November 11, 2010.  The order also states that the court found
that Edwards had failed to make payments beginning on June 8, 2003. While one
may infer what a trial court intended, interpretation of a judgment “should not
rest upon implication or conjecture.”  In re Houston, 92 S.W.3d 870, 875 (Tex.
App.—Houston [14th Dist.] 2002, orig. proceeding).